**LOCAL UNION NO. 46 OF the INTERNATIONAL UNION OF UNITED BREWERY, FLOUR, CEREAL, SOFT DRINK & DISTILLERY WORKERS OF AMERICA, AFL–CIO, Plaintiff,**

v.

**BEVINGTON & BASILE, WHOLESALERS, INC., Defendant.**

**No. 14146–1.**

United States District Court
W. D. Missouri, W. D.
Jan. 18, 1963.

438

Fousek & Manning, Kansas City, Mo., for plaintiff.

Spenser, Fane, Britt & Browne, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This is another action brought pursuant to Section 301 of the Labor Management Relations Act of 1947. The complaint alleges that defendant refuses to arbitrate a grievance that arose over the discharge of an employee and prays for an order compelling arbitration. Defendant admits these facts but denies that the refusal to arbitrate is contrary to the terms of the agreement. Specifically, defendant claims that "plaintiff has failed to comply with the procedural requirements established by the said collective bargaining contract" in that the dispute was not submitted within three days of its occurrence. There is no question but that the employee involved was terminated on July 17, 1962; his grievance denied July 20, 1962; but that the request for processing the grievance not made until sometime in September, 1962.

Both parties have filed motions for summary judgment. Because counsel for the parties in this case are the same as counsel in Greater Kansas City Laborers District Council of the International Hod Carriers Building and Common Laborers Union of America of Greater Kansas City and Vicinity v. Builders' Association of Kansas City, D.C., 213 F.Supp. 429, we need not repeat here what we said there. The same general principles are controlling and require us to sustain plaintiff's motion.

On the facts of this case, there is no question about the breadth of the arbitration clause. What defendant requests us to pass on is the issue of whether on the merits, the arbitration is barred because of the union's failure to request that the grievance be processed within the clear time requirements of the contract. We quite agree that without more being shown to excuse the delay, the union's request was out of time. But there may be valid reasons why that might not foreclose the arbitration.

Whether there are or not is a matter that involves the merits of the controversy, not the jurisdiction of the arbitrator. International Tel. & Tel. Corp. v. Local 400, etc., 3 Cir., 1961, 286 F.2d 329, 332, at footnote 10. The cases upon which defendant relies should be called to the attention of the arbitrator who will rule the merits of the case.

The question involved in this case is but a part of the general grist of the mill that is regularly handled by arbitration proceedings in case after case throughout the United States.

Nor should defendant be fearful that his defense is doomed to failure. See, for example, the arbitrator's awards in Celanese Plastics Co., 61–2 A.R.B. ¶ 8309 (1961), Crucible Steel Casting Co., 61–2 A.R.B. ¶ 8334 (1961), and Metromedia, Inc., 62–1 A.R.B. ¶ 8288 (1962), where defenses similar to defendant's defense in this case were sustained.

For the reasons stated in the Builders' Association case and those stated here, plaintiff's motion for summary judgment should be and the same is hereby sustained, and the parties shall proceed immediately to arbitration.

It is so ordered.