LOCAL 748 OF the INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO, Plaintiff-Appellee,

v.

JEFFERSON CITY CABINET COMPANY, Defendant-Appellant.

No. 15001.

United States Court of Appeals
Sixth Circuit.

Feb. 23, 1963.

E. Reginald Hancock, Atlanta, Ga. (S. J. Milligan, N. R. Coleman, Jr., Greene-

ville, Tenn., on the brief; Milligan, Silvers & Coleman, Greeneville, Tenn., of counsel), for appellant.

David S. Davidson, Washington, D. C. (Benjamin C. Sigal, Washington, D. C., J. R. Goldthwaite, Jr., Atlanta, Ga., on the brief; Adair, Goldthwaite & Stanford, Atlanta, Ga., Duncan & Ford, Knoxville, Tenn., of counsel), for appellee.

Before MILLER and WEICK, Circuit Judges, and THORNTON, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiff Union brought this action in the District Court under Section 301 of the Labor Management Relations Act of 1947, Section 185, Title 29 United States Code, to require the defendant employer to arbitrate certain grievances in accordance with the provision of the collective bargaining agreement between the parties. The District Judge entered an order granting plaintiff's motion for summary judgment directing arbitration, from which this appeal was taken.

This is a companion case to appeal No. 14,839 in this Court, involving the same parties, the same collective bargaining agreement, and arising out of the same general controversy, in which the opinion of this Court was handed down on February 4, 1963. Jefferson City Cabinet Co. v. International, etc., 313 F.2d 231, C.A. 6th. That action arose out of the fact that an employee, Clara Cameron, who had been absent on authorized sick leave, returned to work on February 7, 1961, and demanded that she be put to work that day. The employer told her there was no work available for her that day, but to return the next day at which time work would be available for her. Upon refusal to give her employment that day, the Union called the strike the same day, without resort to the grievance procedure provided by the bargaining agreement and in violation of its no-strike obligation. The employer, Jefferson City Cabinet Co., brought an action in the District Court for damages resulting from the strike in violation of the Un-

ion's no-strike obligation in the bargaining agreement. The Union contended that the strike was a grievance or dispute between the parties which was subject to arbitration under the arbitration provisions of the bargaining agreement and that the matter could not be litigated in the court action. This Court, relying mainly upon Drake Bakeries, Inc. v. Local 50, etc., 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474, affirmed the judgment of the District Court sustaining the Union's contention. Reference is made to the opinion in that case for a statement of the applicable provisions of the bargaining agreement, the arbitration provisions involved, and the reasons given for the ruling, together with citation of authorities in support thereof.

The strike occurred on February 7, 1961. On February 13, 1961, the employer notified approximately 201 of the strikers of their discharge for their participation in the strike. After obtaining a temporary injunction in the state court, the employer urged the remaining strikers to return to their jobs. Approximately 415 employees returned to work. Approximately 632 employees did not return to work. By letter dated March 21, 1961, the employer informed the latter group that they were discharged because of their continued participation in the strike, in violation of the contract.

No complaint or grievance was made or filed on any of these discharges until April 24, 1961. On that date the Union presented a "grievance report" protesting the discharge of the strikers and requesting that they be reinstated to their jobs. The employer took the position by letter of April 26 that neither the Union nor the former employees had made a proper and timely submission of the alleged complaint to the contract grievance procedure, that the Union was engaging in a prolonged and continuing disregard of its obligations under its contract, and that the employer was not willing to discuss these "grievances" while this illegal activity was continuing. The Union on April 27, 1961, advised the employer of its wish to arbitrate the

grievances, and by letter of April 29, 1961, the employer restated its position as previously expressed. This action was filed on August 12, 1961, asking the Court to adjudicate that the employer had breached the bargaining agreement and to direct the employer to proceed with arbitration. As of March 3, 1962, the date of an affidavit filed in opposition to plaintiff's motion for summary judgment, the employer had not received any notice from the Union that the strike was terminated.

No real contention is made that the discharge of the employees would not under ordinary conditions have been an arbitrable grievance under the bargaining agreement. The employer contends, however, that the requirement of no suspension of work on the part of the Union was a condition to the right of the Union to use the grievance arbitration procedure, that the refusal of the Union to refer the Clara Cameron grievance to the contract procedure but to strike instead in violation of the provisions of the bargaining agreement, was a substantial breach going to the essence of the contract and amounted to a repudiation of the contract, which relieved the employer of any further obligation to perform it, and that Union, while continuing its prolonged breach of contract in maintaining the strike, cannot at the same time invoke the same contract to require the employer to arbitrate the discharges.

It may be well, however, to note here that the employer's claim of repudiation of the contract by the Union and its acceptance of such repudiation may not have the factual support claimed by the employer. The employer, even during the period of the strike, continued to deduct Union dues from the wages of Union members who were working and to transmit them to the Union, as required by the contract's terms. Also, during the strike, the employer processed and adjusted pending grievances under the grievance procedure of the contract. We do not find that the employer at any time prior to the filing of this action contended that the entire contract had been abrogated.

Regardless of the merits of these contentions as a matter of law, under ordinary principles of contract law, we believe, as pointed out in our opinion in the companion case, the Supreme Court has rejected this treatment of the issue in its decisions in United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 567, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 578–579, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409, and Drake Bakeries v. Local 50, etc., supra, 370 U.S. 254, 261–263, note 10 at page 263, 82 S.Ct. at page 1351. In the Warrior & Gulf Navigation Co. case the collective bargaining agreement is referred to as calling into being "a new common law" and "the common law of the shop," and as being more than a contract, in that it is "a generalized code to govern a myriad of cases which the draftsman cannot wholly anticipate." Those cases from the Supreme Court and our own opinion in the companion case to the present one, which relied upon them, are, we think, decisive of the present case and sustain the Union's demand of arbitration, unless it is barred by the following additional contention of the employer.

The employer contends that the Union cannot require arbitration because it failed to comply with the procedural requirements of the grievance procedure, in that some of the employees were discharged on February 13, 1961, and others on March 21, 1961, but no complaint or grievance was made or filed on any of these discharges until April 24, 1961. Under Step 1 of the grievance procedure the grievance shall be discussed by the affected employee with the foreman within three consecutive working days of the occurrence of the alleged violation, and if not disposed of through discussion, will be reduced to writing. Steps 2, 3 and 4 contain other short time limitations, none of which were complied with in this case, before the unsettled dispute could be appealed to the Arbitration Pro-

cedure. The bargaining agreement provided that the above time limits were to be strictly adhered to unless the Company and the Union mutually agreed in writing to extensions, and if the Union failed to appeal a grievance to the next step within the time provided, it would be regarded as settled.

It may be that the Union is barred from enforcing arbitration by reason of its default in this matter. It claims, however, that it is not barred because it was not the intention of the parties that such procedure would apply to discharged employees on strike to whom, by reason of being barred from the plant, such procedure was not as a practical matter available, and because such procedure would have been a vain and useless act in view of the employer's expressed views in the matter. There is authority in support of this second contention. Southwestern Electric Power Co. v. Local Union No. 738, etc., 293 F.2d 929, 932, C.A. 5th; International Association of Machinists, etc. v. Hayes Corporation, 296 F.2d 238, 244, C.A. 5th. The Union also contends that the strike and the discharges were a continuing violation of the bargaining agreement, which, under Step 1 of the grievance procedure, made the three-day limitation there imposed inapplicable.

This question will have to be decided at some time in this litigation. But before the question is decided on its merits, we have before us the present question of whether the Court or the arbitrator is to make the decision. There appears to be a sharp split in the authorities on this question, with no decision from the Supreme Court directly in point.

The conflicting authorities both in the District Courts and the Courts of Appeals, are referred to in a recent opinion of the Court of Appeals for the Second Circuit, Matter of Livingston v. John Wiley & Sons, Inc., 313 F.2d 52, and need not be recited here. To those citations there can be added a recent decision from the Court of Appeals for the Fifth Circuit in Deaton Truck Line, Inc. v. Local Union 612, etc., 314 F.2d 418. See

also: Maryland Telephone Union v. Chesapeake & Potomac Tel. Co., 187 F. Supp. 101, 109, D.C.Md. It was held in both the Livingston case and in the Deaton Truck Line case that the question of whether there has been sufficient compliance with preliminary steps in grievance procedure is a matter for decision by the arbitrator, not the Court. It is stated in the opinion in the Livingston case that the more recent decisions hold that the question is for the arbitrator, and that the commentators in general agree that the matter is for the arbitrator. That opinion also expresses the view that a holding that the court should decide the merits of a dispute concerning questions under an arbitration clause of a collective bargaining agreement would be quite inconsistent with the principles and policies enunciated by the Supreme Court in the recent United Steelworkers cases in Vol. 363 U.S. 564, 80 S.Ct. 1343, to the effect that once it has been determined that the reluctant party has breached his promise to arbitrate, the matter must go to arbitration for determination on the merits, and would rob the parties of the advantages they had bargained for, namely, the determination of the issues between them by an arbitrator and not by a court. The opinion also points out that it is the essence of arbitration that it be speedy, that the sources of friction between the parties be promptly eliminated, and that if procedural questions are to be passed on by the court it would open the door to all sorts of technical obstructionism.

Our attention has been called to the fact that in the Drake Bakeries case, supra, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed. 2d 474, the District Court, not the arbitrator, decided the question whether the Union had proceeded with dispatch in seeking arbitration and the Supreme Court approved the ruling (p. 266, 82 S.Ct. p. 1353). But apparently the issue of whether the Court or an arbitrator should have decided that question was not raised by the parties, as the opinion does not refer to such an issue being in the case, which we believe undoubtedly

would have been done if the Court intended to make a ruling on the issue.

Under the foregoing status of the authorities we have concluded to follow the ruling and reasoning of the Second Circuit in its recent ruling in the Livingston case, supra, and to hold that the question of whether there has been sufficient compliance with preliminary steps in grievance procedure is a matter for the arbitrator rather than the court.

With this contention of the employer removed from the case, it follows that the judgment of the District Court is affirmed.