**LOCAL #824, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL–CIO) and Volney Swift, Plaintiffs,**

v.

**BRUNSWICK CORPORATION, Defendant.**

**Civ. A. No. 4483.**

United States District Court
W. D. Michigan, S. D.
March 25, 1964.

644

Marcus, McCroskey, Finucan, Libner & Reamon, Muskegon, Mich., Jerry S. McCroskey, Muskegon, Mich., of counsel, for plaintiffs.

Hathaway, Latimer, Clink & Robb, Muskegon, Mich., H. Winston Hathaway and Richard A. Robb, Muskegon, Mich., of counsel, for defendant.

FOX, District Judge.

Plaintiff Local #824, United Brotherhood of Carpenters and Joiners of America (AFL-CIO), is a labor organization representing employees of defendant Brunswick Corporation. Plaintiff Swift is a member of Local #824 and an employee, or former employee, of Brunswick.

Plaintiffs filed this action under Section 301 of the Labor Management Relations Act of 1947, as amended. Title 29 U.S.C. § 185.

Plaintiffs filed a motion for summary judgment seeking to compel the defendant to proceed to arbitration on certain grievances.

Rule 56 of the Federal Rules of Civil Procedure governs such motions. The rule states in part:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The motion must be approached in two steps: (1) Is there a genuine issue as to any material fact; and (2) is the moving party entitled to a judgment as a matter of law?

Facts essential to a determination of the issue of arbitrability are not in dispute.

The collective bargaining agreement in effect at the time of the occurrence of the alleged grievances involved in this case was entered into between the parties on the 6th day of April, 1962.

Article IV, Grievance Procedure, Section 3, Step 3(b), provides:

"If the grievance is not settled in Step 3, the Union may appeal it, by giving written notice of such appeal to the Company, within thirty (30) calendar days after receipt of the written answer of the Personnel Manager and/or his designated representative, to Arbitration in accordance with the procedure and conditions set forth in the Arbitration provisions of this agreement."

Section 4 provides:

" * * * If the employee or the Union fails to follow the foregoing procedure in accordance with the Steps, time limits and conditions therein set forth the grievance shall be deemed settled on the basis of the Company's last answer."

Article V is a "NO STRIKE—NO LOCKOUT" provision.

Plaintiff Swift was suspended on October 1, 1962, for an alleged violation

of one or more of defendant's rules and regulations. (Defendant's brief in opposition to motion for summary judgment, page 2.) Plaintiff Swift filed five grievances.

Thereafter, plaintiff Swift was discharged by defendant on October 4, 1962. On October 15, defendant Swift filed grievance No. 26 in which he claims defendant improperly discharged him.

On October 23, 1962, the membership of the Local met and voted against taking Swift's grievance to arbitration. Defendant admitted during oral argument that this vote took place at a time when there was a sharp conflict of interest between plaintiff-employee and Local #824.

Plaintiff Swift then circulated a petition for a special union meeting to reconsider his case. This was within the grievance procedure limitations on time. On October 25, 1962, John Secord, a supervisor at Brunswick, confiscated the petition from Robert Greinke because it was circulated during working hours. What subsequently happened to the petition was not disclosed to the court.

During November, Local #824 reversed its position as to grievance No. 34 (alleged unjust suspension), and on December 28, 1962, made a written demand for arbitration of that grievance.

It is the claim of defendant that each and all of the grievances referred to in the complaint were fully settled in November of 1962 by reason of the Union's failure to give timely written notice of appeal to the Company on any one or all of Swift's grievances, as provided in Article IV, Section 3, Step 3 (b) and Section 4, supra.

It is the plaintiff's claim that the peculiar circumstances of this case excuse the delay in filing the written request for arbitration.

This case involves the application and interpretation of an existing collective bargaining agreement which has a no-strike clause and a provision for arbitration.

"Section 203 (d) of the Labor Management Relations Act, 1947, 61 Stat. 154, 29 U.S.C. § 173 (d), * * states, 'Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement. * * ' That policy can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play.

\* \* \* \* \* \*

"Arbitration is a stabilizing influence only as it serves as a vehicle for handling any and all disputes that arise under the agreement.

\* \* \* \* \* \*

"When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal." United Steelworkers v. American Mfg. Co., 336 U.S. 564, at pages 566, 567 and 569, 80 S.Ct. 1343, at page 1345, 4 L.Ed.2d 1403.

■ Plaintiff-employee's grievances are within the scope of the agreement between defendant and plaintiff Local. Alleged unjust suspension or improper discharge, under normal circumstances, is a grievance which should proceed to arbitration.

Whether plaintiffs have complied with the procedural requirements, or whether they are excused from such compliance by reason of the special fact circumstances of this case, is for the arbitrator and not for the courts.

"To hold matters of procedure to be beyond the competence of the arbitrator to decide, would, we think, rob the parties of the advantages they have bargained for, that is to say, the determination of the issues between them by an arbitrator and

not by a court." Livingston v. John Wiley and Sons, Inc., 313 F.2d 52, 62 (1963).

It is the defendant's claim that the court must first determine that the reluctant party has breached his promise to arbitrate. Local #748 v. Jefferson City Cabinet Co. (CCA 6, 1963) 314 F.2d 192; Livingston v. John Wiley and Sons, Inc., supra, 313 F.2d page 62.

The court's duty on the issue of arbitrability requires only a finding that the reluctant party has refused to arbitrate. There is no dispute as to that fact. We are not persuaded by the argument that the defendant has not breached its promise to arbitrate in this case because the grievance became settled according to the collective bargaining agreement. For this begs the very question which must be presented to the arbitrator; was the grievance settled— or, were the procedural requirements of the grievance procedure effectively complied with under the circumstances of this case?

This is the teaching of Judge Medina in Livingston v. John Wiley and Sons, Inc., supra.

For this court to determine that defendant did not breach its promise to arbitrate would require a decision on the merits.

" * * * a holding that this Court or any court should decide the merits of a dispute concerning procedural questions under an arbitration clause of a collective bargaining agreement would be quite inconsistent with the principles and policies enunciated by the Supreme Court to the effect that once it has been determined that the reluctant party has breached his promise to arbitrate, the matter must go to the arbitrator for determination on the merits. United Steelworkers of America v. American Mfg. Co., supra, 363 U.S. at 568, 80 S.Ct. 1343,

4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Co., supra, 363 U.S. at 581–582, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., supra, 363 U.S. at 596, 80 S.Ct. 1358, 4 L.Ed.2d 1424." Livingston v. John Wiley and Sons, Inc., supra, 313 F.2d page 62.

* * * * * *

" * * * the question of 'procedural arbitrability' is for the arbitrator." Ibid, 313 F.2d page 64.

Plaintiff Local #824 stands in the shoes of plaintiff-employee Swift as far as the merits of the claim in this case go. All the actions of all parties should be before the arbitrator for a complete picture of the disputed issues. The facts of this case compel the court to limit its ruling pro hac vice. Due to the conflict between plaintiff-employee and his Local, the vote not to arbitrate may not have been based upon the merits of the grievance. Plaintiff-employee was at that time without a remedy. His personal effort to bring the grievance to arbitration was thwarted by the confiscation of his petition by defendant. Plaintiff-employee thus may have been effectively frozen out of the arbitration agreement, which was entered into with him as a beneficiary.

Under all these circumstances, it is for the arbitrator to decide whether or not the procedural requirements of the grievance procedure were complied with, or excused.

This court finds that there are no genuine issues of fact as to any material facts on the issue of arbitrability. Therefore, plaintiffs are entitled to a summary judgment to compel the defendant to arbitrate the issues as discussed in this opinion, as a matter of law. The motion for summary judgment is granted.

An order may be entered accordingly.