330 F.2d 202
 BEVINGTON & BASILE WHOLESALERS, INC., Appellant,
v.
LOCAL UNION NO. 46 OF the INTERNATIONAL UNION OF UNITED
BREWERY, FLOUR, CEREAL, SOFT DRINK AND DISTILLERY
WORKERS OF AMERICA, AFL-CIO, Appellee.
 No. 17300.
 United States Court of Appeals Eighth Circuit.
 April 16, 1964.
 
 1
 Harry L. Browne and Howard F. Sachs, of Spencer, Fane, Britt & Browne, Kansas City, Mo., made argument for appellant and filed brief.
 
 
 2
 Robert S. Fousek, of Manning & Fousek, Kansas City, Mo., made argument for appellee and filed brief.
 
 
 3
 Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges and DAVIES, district judge.
 
 
 4
 RONALD N. DAVIES, District Judge.
 
 
 5
 An action was commenced in the United States District Court for the Western District of Missouri under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C.A. 185, by Local Union No. 46 of the International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, AFL-CIO, seeking to compel Bevington & Basile Wholesalers, Inc., to arbitrate a dispute that arose out of the discharge of an employee.
 
 
 6
 The company based its refusal to arbitrate upon the ground that the union had failed to comply with the procedural requirements contained in the collective bargaining agreement. Both parties sought summary judgment in the court below. The local union's motion was granted, the District Court holding that the issue of whether arbitration is barred because of the union's failure to request that the grievance be processed within the clear time requirements of the contract involved the merits of the controversy, not the jurisdiction of the arbitrator. Local Union No. 46 v. Bevington & Basile Wholesalers, Inc., D.C., 213 F.Supp. 437. From this decision Bevington & Basile Wholesalers, Inc., appealed to this Court.
 
 
 7
 We are confronted with the narrow question of whether the court or the arbitrator should determine whether the union has sufficiently complied with the procedural requirements of the collective bargaining agreement as to compel arbitration.
 
 
 8
 The conflicting authorities on this point are well set out and summarized in . livingston v. John Wiley & Sons, Inc., (2 Cir., 1963), 313 F.2d 52, cert. granted, 1963; 373 U.S. 908, 83 S.Ct. 1300, 10 L.Ed.2d 411, which held that the question of whether there has been sufficient compliance with the procedural requirements is a matter for the arbitrator and not the Court. Some recent decisions in several Courts of Appeals reaching the same conclusion include Belk v. Allied Aviation Service Co. of New Jersey, Inc., (2 Cir., 1963), 315 F.2d 513; Carey v. General Electric Company, (2 Cir., 1963), 315 F.2d 499; Local 748 of Int. U. of E., R. & M. Wkrs. v. Jefferson City Cab Co., (6 Cir., 1963), 314 F.2d 192; Deaton Truck Line, Inc. v. Local Union 612, etc., (5 Cir., 1962), on rehearing, 1963, 314 F.2d 418.
 
 
 9
 Our analysis of Livingston and the other cases cited above from the Second, Fifth and Sixth Circuits, respectively, convinces us of the soundness of the rationale of those decisions.
 
 
 10
 We feel they reflect the sounder and better view as opposed to the reasoning in Brass & Copper Wkrs. Fed. Lab. Un. v. American Brass Co., (7 Cir., 1959), 272 F.2d 849, cert. denied, 1960, 363 U.S. 845, 80 S.Ct. 1609, 4 L.Ed.2d 1728, which held that the matter was for the court.
 
 
 11
 Whatever uncertainty may have heretofore existed with respect to whether the court or the arbitrators should determine questions of 'procedural arbitrability' under the factual situation here existing has been resolved by the Supreme Court. John Wiley & Sons, Inc., v. Livingston, 84 S.Ct. 909.
 
 
 12
 For the reasons assigned, the judgment of the District Court is
 
 
 13
 Affirmed.