**BREWERY WORKERS LOCAL UNION NO. 366, an unincorporated association, and International Union of the United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, an unincorporated association, Plaintiffs,**

v.

**ADOLPH COORS COMPANY, a Colorado corporation, Defendant.**

**Civ. A. No. 8320.**

United States District Court
D. Colorado.

July 15, 1964.

Philip Hornbein, Jr., and Roy O. Goldin, Denver, Colo., for plaintiffs.

Fairfield & Woods, Charles E. Matheson, Denver, Colo., for defendant.

ARRAJ, Chief Judge.

This matter is before the Court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted and on plaintiff's motion for summary judgment. The parties appear to agree that all of the issues pertinent to plaintiff's motion for summary judgment are fully raised and discussed in their respective memorandums pertaining to defendant's motion to dismiss. Defendant, moreover, submitted an affidavit of its personnel manager in support of its position. The Court, therefore, has chosen, under the provisions of Fed.Rules of Civ.Proc. 12(b), to treat defendant's motion as a motion for summary judgment. And see Greater Kansas City Laborers Dist. Council v. Builders' Ass'n, 213 F.Supp. 429 (W.D. Mo.1963) at p. 431.

This action was brought under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. Section 185(a) to require defendant to submit a grievance to arbitration in conformity with the collective bargaining agreement which is undisputably in force and effect between the parties. By its Order dated May 5, 1964, this Court dismissed plaintiff's original complaint for failure to state sufficient jurisdictional facts. Plaintiff's amended complaint, now before the Court, cured the defects apparent before, and defendant no longer contests jurisdiction. Therefore, the sole question for determination at this time is whether this Court or an arbitrator should decide if the grievance procedures outlined in the collective bargaining agreement between the parties were properly complied with or waived.

Insofar as pertinent to this issue, the facts underlying the instant dispute are as follows. On October 14, 1963, the defendant discharged one Robert Blair, until then, an employee of defendant, under circumstances which caused Blair to feel aggrieved by the dismissal. The provisions of the collective bargaining agreement relating to grievances required him to present a statement of his grievance to his employer within three days. On or about October 28, 1963, Blair allegedly requested defendant to waive the three day requirement, which had already expired, and after defendant allegedly did so, he filed a written statement of grievance protesting his discharge. Defendant proceeded with a hearing on the written grievance, determined that the discharge had been with good cause, and so notified Blair on November 11, 1963. Thereafter, on November 15, the Union requested that the discharge be submitted to arbitration. Defendant denied this request by its letter of November 22, in the following terms:

"Section 25(a) [of the collective bargaining agreement] says that the grievance must be presented, in writing, to the supervisor within three working days. Section 25(e) says that the extension of time limits must be in writing. Although we agreed to a step B hearing in order to listen to his [Blair's] story, we did not extend the time limit."

"No arbitrable issue exists. Therefore, there is no reason to select an arbitrator."

It appears from the allegations of the complaint and the matters contained in the affidavits submitted by the parties that a factual issue exists as to whether defendant waived the three-day time limit referred to above. The existence of this factual issue does not, however, preclude a decision on summary judgment, for the question to be determined is not how the issue is to be resolved, but who is to resolve it. This is

purely a question of law and therefore proper for summary judgment disposition.

■ It is proper to note that no question of "substantive arbitrability" has been raised here, i. e., whether the grievance is one that may be properly submitted to arbitration under the terms of the collective bargaining agreement. It has been settled for some time that such questions are for the Court. See, e. g., Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). There was, however, a split in the Circuits on questions of "procedural arbitrability," such as we have here, that was not resolved by the Supreme Court until this last term in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). There, the Court held at p. 559, 84 S.Ct. at p. 919 that "* * * it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play" and that such disputes should be decided by the arbitrator, not the Court. That case would appear to be controlling, as plaintiff contends, but for defendant's attempts to distinguish it or to bring itself within certain exceptions which it argues are recognized within the Livingston decision.

It is unnecessary for us to decide here whether there are any exceptions to the Livingston rule which puts questions of procedural arbitrability into the hands of the arbitrator. If there are any such exceptions, they do not encompass the case at hand. Reading the opinion as a whole, as well as its express holdings, it seems clear that any exceptions would arise only from the most unusual, or, to use the adjective of the Court, "rare" case. The spirit of the case certainly limits that category. At an early point in the opinion, Mr. Justice Harlan emphasizes the strong policy in favor of and the "central role of arbitration in effectuating national labor policy." (p. 549, 84 S.Ct. p. 914).

Later, in dealing specifically with the question of "procedural arbitrability," the Court warns that labor disputes "cannot be broken down so easily into their 'substantive' and 'procedural' aspects" (p. 556, 84 S.Ct. p. 918) and that questions regarding grievance procedures "cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration." (p. 557, 84 S.Ct. p. 918). Moreover, the Court continues, "Reservation of 'procedural' issues for the courts would not only create the difficult task of separating related issues, but would also produce frequent duplication of effort." (p. 558, 84 S.Ct. p. 918). Finally, all of these considerations are cast against the background of the policy of avoiding "the delay attendant upon judicial proceedings preliminary to arbitration." (p. 558, 84 S.Ct. p. 919). In the light of this context, although we do not hold that there may be no "exceptions" to Livingston under any circumstances, we think it would be most anomalous to hold that a Court should decide what procedural questions fall within Livingston's ambit. To open the Court's door to deciding what procedural questions are "strictly procedural" would, in most instances, be to open a door we believe was closed in Livingston.

Although we have rejected defendant's argument in the face of Livingston, it is also appropriate to note that its reliance on United Brick & Clay Workers v. Gladding, McBean & Co., 192 F.Supp. 64 (S.D.Calif.1961) as an example of what could properly be an exception to Livingston is not persuasive. An examination of Gladding indicates that it rests primarily on the decisions of the First and Seventh Circuits which were considered (p. 556 at footnote 12, 84 S.Ct. 909) and rejected in Livingston. More to the point, it appears, is Bevington & Basile Wholesalers, Inc. v. Local Union No. 46, 330 F.2d 202 (8th Cir. 1964), decided after Livingston, in which, as is made clear by the opinion of the District Court reported at 213 F.Supp. 437 (W.D. Mo.1963), the facts were closely analogous to those presented here.

In holding for plaintiff, the Court, of course, intimates no opinion as to the merits of the dispute. For the foregoing reasons, it is

Ordered that plaintiff's motion for summary judgment be, and the same hereby is, granted; and it is further

Ordered that defendant's motion to dismiss, which has been treated as a motion for summary judgment, be, and the same hereby is, denied.