The WESTERN AUTOMATIC MACHINE SCREW CO., DIVISION OF STANDARD SCREW CO., Plaintiff-Appellee,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW-AFL-CIO),

and

Local No. 101, International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-AFL-CIO), Defendants-Appellants.

No. 15527.

United States Court of Appeals
Sixth Circuit.

Aug. 5, 1964.

Bruce S. Warshal and Ralph Rudd, Cleveland, Ohio (Lowell Goerlich, Washington, D. C., on the brief; Rudd, Ober & Miller, Cleveland, Ohio, of counsel), for appellants.

Eugene B. Schwartz, Cleveland, Ohio (Edward J. Simerka, Stanley, Smoyer & Schwartz, Cleveland, Ohio, Richard A. Stith, Stith, Daley & Butler, Elyria, Ohio, on the brief), for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CECIL, Circuit Judge.

This appeal is from a judgment of the District Court granting summary judg-

ment to the plaintiff against the defendants, ordering them to proceed with arbitration of certain grievances. The Western Automatic Machine Screw Company, Division of Standard Screw Company, is plaintiff-appellee. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW–AFL–CIO) and Local No. 101 of that Union are defendants-appellants. The parties will be referred to herein as the Company and the Unions.

The Unions, at all times pertinent hereto, represented the production and maintenance employees of the Company at its Elyria, Ohio, plant through a collective bargaining agreement. On October 4, 1962, the employees went on strike and remained out until a Memorandum of Strike Settlement was executed on November 16, 1962. Following this the three grievances, one of the Company and two of the Unions, which are involved herein, were processed through the grievance procedure provided by the collective bargaining agreement.

The Company's grievance, identified as No. 7181, sought damages against the Unions in the amount of $310,000 for losses suffered by it as a result of the strike. It was agreed in the Memorandum of Strike Settlement that if the Company filed a grievance for money damages it should be handled as a companion matter with the Unions' grievance No. 7104 which was to be reinstated at the second step of the grievance procedure. By grievance No. 7104 the Unions contended that the Company had violated the collective bargaining agreement by contracting with an outside contractor for the piping of a new annealing furnace. This dispute involved the interpretation of paragraph 146 of the agreement. The Unions' other grievance, No. 7062, sought compensation for the employees' loss of time as a result of the alleged violation.

The respective grievances were denied by the Company and the Unions. On January 29, 1963, the Unions requested arbitration of their grievances. The following day the Company acknowledged the Unions' request to arbitrate and in turn requested arbitration of its grievance. The bargaining agreement provided for final and binding determination of disputes unsettled by the grievance procedure upon request of either the Company or the Union. The Unions took no action to implement their notice for arbitration and after several attempts by the Company to get them to proceed with arbitration, in accordance with the collective bargaining agreement, the Company brought this action. The District Court granted summary judgment to the Company and this appeal followed.

■ One of the claims made by the Unions is that the action is brought under the United States Arbitration Act, (Section 4, Title 9, U.S.C.) rather than Section 301 of the Labor Management Relations Act. (Section 185, Title 29, U.S.C.) and that they were entitled to a jury to determine the arbitrability of the issue involved. We find no merit to this claim.

■■ It is alleged in the complaint that the action is brought under Section 301. The action is to enforce arbitration provided for in a contract between an employer and labor organizations representing employees of the employer. (Section 301(a)) Labor organizations may be sued in behalf of the employees whom they represent. (Section 301(b)) Nothing in the complaint is inconsistent with an action under this section. It is now well established as a matter of law that actions of this nature may be brought under Section 301. Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; United Steelworkers of America, A.F.L.–C.I.O. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898.

■ The Unions claim that under Section 42 of Article V of the collective bargaining agreement money damages under

the grievance procedure are applicable only for a five-day period previous to the filing of the grievance and, therefore, the Company's grievance was moot for lack of damages. The Unions further claim that their grievance has not been processed to arbitration and therefore the Company's grievance is non-arbitrable, since, according to the Memorandum of Strike Settlement, the Company's grievance was to be handled as a companion matter to the Unions' grievance No. 7104. The Unions contend that even though the action is brought under Section 301 these claims present substantive issues as to the arbitrability of the Company's grievance and that they must be determined by the Court.

▪ The district judge held that these claims raised questions of procedural arbitrability and as such were to be determined by the arbitrator. We agree. The Second, Third, Fifth and Sixth Circuits have held that procedural questions of arbitrability were to be determined by the arbitrator. Livingston v. John Wiley & Sons, 313 F.2d 52, C.A. 2, aff'd, 376 U.S. 543, 84 S.Ct. 909; Radio Corporation of America v. Association of Professional Engineering Personnel, 291 F.2d 105, C.A. 3, cert. den., 368 U.S. 898, 82 S.Ct. 174, 7 L.Ed.2d 93; Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, C.A. 5; Local 748 of International Union of Elec., Radio and Machine Workers, A.F.L.–C.I.O. v. Jefferson City Cabinet Co., 314 F.2d 192, C.A. 6, cert. den., 84 S.Ct. 1162.

The Unions further claim that there are two purely procedural issues and that even if their other claims are procedural, all questions of procedural arbitrability must be determined by the court. These issues are: 1. That in accordance with standard procedure they have up to one year to process a grievance and that they cannot be in default until a year has elapsed; 2. That they are not obligated to arbitrate grievance No. 7181 because the Company had not bargained in good faith on the grievance levels leading to arbitration.

Here the subject matter of the grievances before us is clearly arbitrable by the terms of the collective bargaining agreement. This is conceded by the defendants. The objections to arbitration, made by the defendants, are procedural in nature. In John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, decided since the briefs were filed in this case, the employer raised the question of procedural arbitrability. It claimed that the question of whether preliminary procedural steps leading up to arbitration had been met must be decided by the court and not the arbitrator.

The Court said in Wiley that labor disputes of the kind there involved could not "be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it." Pp. 556–557, 84 S.Ct. p. 918.

▪ The test of arbitrability on procedural questions, where the parties are obligated to submit the subject matter of a dispute to arbitration, is whether the procedural questions grow out of the dispute and bear on its final disposition. P. 557, 84 S.Ct. 909. The Court said: "(W)e think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play." P. 559, 84 S.Ct. p. 919.

▪ We conclude that the procedural questions here involved are so intertwined with the subject matter of the disputes themselves that they must be said to grow out of them and thus must be submitted to the arbitrator.

Having decided that the questions raised by the Unions are to be submitted to the arbitrator no genuine material issues of fact remain for the Court.

Judgment affirmed.