**AVCO CORPORATION, ELECTRONICS AND ORDNANCE DIVISION, Plaintiff-Appellant,**

v.

**Bobby G. MITCHELL and Local Union No. 1842, International Brotherhood of Electrical Workers, AFL–CIO, Defendants-Appellees.**

**No. 15377.**

United States Court of Appeals
Sixth Circuit.

Sept. 14, 1964.

Don A. Banta, Chicago, Ill., Francis J. Naphin, Warren G. Sullivan, Chicago, Ill., on brief; Robert A. Mace, Robert Ovington, Charles Marshall Hogan, Cincinnati, Ohio, of counsel, for appellant.

Robert A. Wilson, Cincinnati, Ohio, for appellee.

Before MILLER, CECIL and PHILLIPS, Circuit Judges.

CECIL, Circuit Judge.

The plaintiff-appellant herein brought this action in the District Court for a judgment that the award of an arbitration board be declared null and void and

that it be vacated and set aside. The action arises out of a collective bargaining agreement between Avco Corporation, Electronics and Ordnance Division, the appellant as an employer, and Local Union No. 1842, International Brotherhood of Electrical Workers, AFL-CIO, one of the appellees. It is brought under Section 301 of the Labor Management Relations Act (Section 185, Title 29, U.S.C.) and the Declaratory Judgment Act (Sections 2201 and 2202, Title 28, U.S.C.).

The agreement contained an arbitration clause which provided, "Any grievance which has not been settled in Step 3 may be referred, by either party, to a board of arbitration * * *." The powers of the board were "limited to determining questions involving the interpretation or application of the terms of this agreement, or any agreement made supplementary hereto. It shall have no authority to add to or subtract from, or to change any of the terms of the agreement, * * *." The agreement contained the following limitation for filing grievances. "(N)o written grievance shall be valid unless submitted in writing within five (5) calendar days after the employee knew, or by reasonable diligence could have known of the facts upon which the grievance was based."

On August 23, 1961, the appellant issued a memorandum in which it announced and explained a new policy whereby certain duties that had been performed by expediters, covered by the agreement, were transferred to salaried workers who were not included in the bargaining unit. On or about October 17, 1961, Bobby G. Mitchell, the other appellee herein, filed a grievance, the substance of which was that this transfer of duties was a violation of the collective bargaining agreement. This grievance, admittedly arbitrable under the contract, was processed through the various steps of grievance procedure and failing of adjustment was submitted to arbitration.

Two issues were before the Board of Arbitration: 1. Timeliness of the grievance, and 2. The subject matter of the grievance. The Board resolved both issues against the appellant and it is this award that is the subject of the action herein. There being no dispute as to the facts, the parties on both sides moved for summary judgment. The district judge granted judgment to the defendants, the appellees on this appeal. The sole issue before the District Court and on this appeal is whether the Board in holding that the grievance was timely filed exceeded the authority granted to it under the contract.

On the issue of timeliness the Board said, "(T)he grievant had or must have had notice of the new procedure more than five days before filing his grievance. However, under the above contract provision, the grievant must have more than knowledge of the facts, actual or implied, of the Company action. He must also know that he has a grievance, which requires that he be aware, to the extent that a reasonably diligent employee would be aware, as to what effect, if any, such Company action would have upon his rights under the Contract. Here, although the grievant knew that the Company had instituted the new procedure, the full effect of this innovation upon his rights under the Contract could not be fully appreciated by him immediately, especially since the new procedure was not applied to his product line.

"The provision in the Contract pertaining to timeliness is as much a part of it as any other, but there are cases, including this one, where the clause must be interpreted in a reasonable and not a technical way in order to accord substantial justice to the parties. * * * Under the circumstances of this case, the time cannot be pinpointed to a particular date. The grievance was filed within two months after the new procedure went into effect. In view of the special facts of this case, the grievance must be considered to have been timely filed especially since the disposition of grievances upon the merits is favored."

The appellant contends that since the Board found that the grievance was not

filed within five days after the announcement of the change in policy it exceeded its authority and had no jurisdiction to make an award on the second issue. In substance the appellant claims that the Board made an addition to the contract. In granting judgment to the defendants the trial judge found that the portion of the Board's opinion relating to timeliness constitutes an interpretation of the subject provision and not an addition to the contract.

The requirement that a grievance shall be submitted within five days is procedural. This Court held in Local 748, etc. v. Jefferson City Cabinet Co., 6 Cir., 314 F.2d 192, cert. den., 377 U.S. 904, 84 S.Ct. 1162, 12 L.Ed.2d 175, that whether there has been sufficient compliance with preliminary steps in grievance procedure is a matter for the board of arbitration to determine rather than the court. In arriving at this conclusion we followed the Second Circuit in Livingston v. John Wiley & Sons, 313 F.2d 52, aff'd 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898.

In Wiley the Supreme Court said 376 U.S. at p. 556, 84 S.Ct. at p. 918, "We think that labor disputes of the kind involved here cannot be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it." And at p. 557 of 376 U.S., at p. 918 of 84 S.Ct., "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." The Court said further 376 U.S. at p. 559, 84 S.Ct. at p. 919, "(W)e think it best accords with the usual purposes of an arbitration clause and with the policy behind federal labor law to regard procedural disagreements not as separate disputes but as aspects of the dispute which called the grievance procedures into play."

See also the following cases in which it has been held that procedural questions of arbitrability are to be determined by the arbitrator. Radio Corporation of America v. Association of Professional Engineering Personnel, 291 F. 2d 105, C.A. 3, cert. den., 368 U.S. 898, 82 S.Ct. 174, 7 L.Ed.2d 93; Deaton Truck Line, Inc. v. Local Union 612, 314 F.2d 418, C.A. 5; Western Automatic Machine Screw Co. etc. v. International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, et al., 335 F.2d 103, C.A. 6, decided August 5, 1964.

■ The Board of Arbitration was the proper tribunal to determine the procedural question of whether the grievance was timely filed. The contract provides, "The majority decision of the arbitration board shall be final and binding upon the parties." It is not the function of the courts to review the Board's decision.

■ "The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 567, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403.

In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, at p. 596, 80 S.Ct. 1358, at p. 1360, 4 L.Ed.2d 1424, the Court said, "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitra-

tion would be undermined if courts had the final say on the merits of the awards."

We agree with the trial judge that the Board's opinion on the question of timeliness constitutes an interpretation of the contract. In United Steelworkers of America v. Enterprise Corp., supra, 363 U.S. at p. 599, 80 S.Ct. at p. 1362, the Court said, "As we there (Steelworkers v. American Mfg. Co., supra) emphasized, the question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."

Judgment affirmed.