DISTRICT LODGE NO. 71, INTERNA-
TIONAL ASSOCIATION OF MACHIN-
ISTS AND AEROSPACE WORKERS,
Plaintiff,

v.

McINTOSH MOTORS, INC., Defendant.

Civ. A. No. 19138-3.

United States District Court,
W. D. Missouri, W. D.

June 4, 1971.

John J. Manning, Kansas City, Mo.,
for plaintiff.

James Cottingham, Cottingham, Wil-
liamson, Gibson & Leonard, Independ-
ence, Mo., for defendant.

ORDER DENYING PLAINTIFF'S
"APPLICATION FOR ORDER TO
DEFENDANT TO SHOW CAUSE
WHY IT HAS NOT COMPLIED
WITH GRIEVANCE COMMITTEE
AWARD" AND FINAL JUDG-
MENT COMPELLING DEFEND-
ANT TO ARBITRATE DISPUTE

WILLIAM H. BECKER, Chief Judge.

This is an action under Section 301 of
the Labor Management Relations Act of
1947, as amended, Section 185, Title 29,
United States Code, for vacation pay due
under a collective bargaining contract.

It is alleged that paragraph 8, Article VI of the contract provided that:

"The Employer signatory to this Agreement hereby agrees that in the event he assigns or transfers his business, he will—within ten (10) days after the consumation (sic) of such transfer—either make payment to all eligible employees any vacation pay due said employees, as of the date of his termination as Employer, or make payment to his Successor an amount equal to the total amount due all eligible employees for vacation pay as of the date of his termination as employer";

and that on or about November 1, 1970, defendant transferred its business to Independence Volkswagen, Inc., without complying thereafter with the above paragraph. It is further alleged that a grievance was processed under Article XII of the contract and that on January 12, 1971, remedies under the contract were exhausted when the Grievance Committee unanimously decided that defendant should comply with the terms of the contract immediately by paying the vacation monies owed "in either of the methods stated in the contract."

■■ In its answer to the complaint, defendant admits that it is the employer signatory to the above-quoted contractual provision, but denies the jurisdiction of this Court, contending that this is "an action for monies due" and that jurisdiction accordingly "lies solely in the state courts of the State of Missouri." Because of this contention, this court entered its order on April 22, 1971, directing that defendant submit its contentions of law and fact in support of that allegation within 15 days of the date of entry of that order. In that order, the Court stated as follows:

"It is the duty of the Court to review the complaint on its own initiative to determine jurisdiction. On a preliminary view of the complaint, it appears to state a claim under Section 185, *supra*, for specific performance of the contract, or, if that is inappropriate, for an order of the Court compelling the employer to arbitrate the issue. In some cases, it is held that the entire collective bargaining contract does not survive a transfer in order to be susceptible of providing the basis of a specific performance decree. See, e. g., Retail Store Employees Union, Local No. 954 v. Lane's of Findlay, Inc. (N.D.Ohio) 260 F.Supp. 655, 657, following John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 548, 84 S.Ct. 909, 914, 11 L.Ed.2d 898. But those were cases in which the suit was brought against the transferee employer and the duty under the contract did not specifically devolve upon the defendant, as it does in the case at bar. Some cases appear to hold that the granting of specific performance is 'to usurp the function of the arbitrator.' McGuire v. Humble Oil & Refining Co. (S.D.N.Y.) 247 F.Supp. 113, 127, rev'd on other grounds (C. A.2) 355 F.2d 352, cert. denied, 384 U.S. 988, 86 S.Ct. 1889, 16 L.Ed.2d 1004. If that is the applicable rule, however, the complaint may be treated as one for arbitration, i. e., to compel arbitration of the grievance by the employer. See Retail Store Employees Union, Local No. 954 v. Lane's of Findlay, Inc., *supra*. It appears from the complaint that plaintiff, if not stating a claim for specific performance, may state a claim to compel arbitration. According to the complaint, the appropriate portion of the collective bargaining contract provides that if the employer and the shop committee and the union representative do not succeed in settling the grievance:

'. . . either the Union or the Employer may request a joint interpretation of the Contract as applied to the matter in dispute from the Employer's and the Union's representatives who negotiated the contract. The said interpretation shall be given within ten (10) days of the date on which the request for an interpretation is made in writing. In the event of a unan-

imous interpretation, said interpretation shall be final and binding, and shall be applied by the Parties involved.

'If the grievance or dispute is not settled under either (a) [agreement of the employer, shop committee and union representative] or (b) [interpretation by the employer and union representatives who negotiated the contract], or if there is no unanimous interpretation of the Agreement applicable to the dispute, it shall be submitted for Arbitration, upon request by either party. The procedure for obtaining Arbitration shall be as follows . . . . '

"Thus, it appears that arbitration may be an available remedy under the contract even though a unanimous interpretation has been given under paragraph (b), if the grievance or dispute is thereby not settled. At any rate, whether it is an available remedy for the Union is one upon which the Court should decide as a matter of law. John Wiley & Sons, Inc. v. Livingston, *supra*. Plaintiff does not state that it has sought to have the matter arbitrated, but . . . its allegation that defendant has 'refused and continues to refuse to comply with the interpretation and award of the Grievance Committee' may constitute a sufficient allegation that the question of procedure is one which grows 'out of the dispute and [bears] on its final disposition' within the meaning of John Wiley & Sons, Inc. v. Livingston, *supra*, and thus should be decided by the arbitrator."

Defendant failed to respond to the order of April 22, 1971. Therefore, its contentions that the Court is without jurisdiction of this action must be disregarded and deemed without merit. It further appeared from the pleadings, in view of defendant's admission that it is the employer signatory of the above contract, that plaintiff is entitled on the pleadings to an order compelling arbitration of this dispute under the above quoted applicable provision of the contract. It ap-

pears from the pleadings that the contract provides for the payment of vacation pay by the defendant and that it also provides that disputes regarding the payment of vacation pay should be handled by arbitration if they cannot be settled either by agreement of the employer, shop steward and union representatives or by a unanimous joint interpretation of the contract by the representatives of the parties who negotiated it. The contract provides that if the dispute is not settled by either method, *or* if there is no unanimous agreement, the dispute is arbitrable. The literal meaning of the contract is that, even if there is a unanimous interpretation under paragraph (b), if the unanimous interpretation does not actually settle the dispute, arbitration is the proper remaining contractual remedy.

In its answer, defendant also stated that "it has fully complied with all of its contractual and lawful obligations owing to plaintiff's union members under said contract"; that the "[c]omplaint is defective in law as it does not specify what sum or sums of money are yet due and owing and to whom said amounts are to be paid and by reason of said defect, defendant is uncertain as to whom and in what amounts the alleged vacation monies are due and owing and cannot properly defend said action and commence discovery to narrow the issues of the controversy"; and that the prayer is indefinite. But these are issues to be resolved by the arbitrator. John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898; Bevington and Basile Wholesalers, Inc. v. Local Union No. 46 etc. Brewery Workers (C.A. 8) 330 F.2d 202, affirming (W.D.Mo.) 213 F.Supp. 437.

For the foregoing reasons, on May 18, 1971, the Court entered its order directing the parties separately to show cause why judgment on the pleadings should not be granted for plaintiff and why defendant should not accordingly be compelled to arbitrate this dispute.

Defendant did not respond to the show cause order. Plaintiff responded

by filing an "application for order to defendant to show cause why it has not complied with Grievance Committee Award," stating that specific performance, rather than arbitration of the dispute, is the relief which should appropriately be accorded in this case. The same was the import of its suggestions filed in response to the show cause order. Plaintiff asserts (1) that, in Philadelphia Marine Trade Association v. International Longshoremen's Association (C.A.3) 365 F.2d 295, and Amalgamated Butcher Workmen Local Union No. 641 v. Capitol Packing Company (C.A.10) 413 F.2d 668, it was held that specific performance of arbitrator's awards is proper; (2) that specific performance is generally an available remedy under Section 301 of the Labor Management Relations Act under the doctrines of Textile Workers Union v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; United Steel Workers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steel Workers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; and (3) that, under the rule of General Drivers etc. Local No. 89 v. Riss and Company, 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918, and Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 372, 11 L.Ed.2d 370, the grievance committee interpretation in this case was final and binding and should be enforced.

All of the cases cited by plaintiff, however, except General Drivers Local 89 v. Riss and Company, *supra*, and Humphrey v. Moore, *supra*, involve the compelling of arbitration or enforcement of an arbitration award. That is clearly not the case at bar, in which the arbitration stage of the grievance procedure, although clearly provided for in the collective bargaining contract, has not been reached. Further, the General Drivers case, *supra*, and Humphrey case, *supra*, were cases in which decisions of joint committees were the final steps in the grievance procedure and specifically stated in the contract to be final. In the General Drivers case, 83 S.Ct. at 791, 9 L.Ed.2d at 920, the Supreme Court stated:

"*If, as petitioners allege*, the award of the Joint Area Cartage Committee is under the collective bargaining agreement final and binding, the District Court has jurisdiction under § 301 to enforce it, notwithstanding our . . . decision [in Association of Westinghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510] . . . Plainly, this allegation cannot be rejected on the basis merely of what the present record shows. It is not enough that the word 'arbitration' does not appear in the collective bargaining agreement, for we have held that the policy of the Labor Act 'can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play.' United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 566, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, 1406; cf. Retail Clerks International Asso. v. Lion Dry Goods, Inc., 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503. Thus, if the award at bar is the *parties' chosen instrument for the definitive settlement of grievances* under the Agreement, it is enforceable under § 301. And if the Joint Area Cartage Committee's award is thus enforceable, it is of course not open to the courts to reweigh the merits of the grievance." (Emphasis added.)

Similarly, in Humphrey v. Moore, *supra*, the collective bargaining agreement provided that the *decision* of a joint employer-employee committee should be final and binding. But in the contract in the case at bar, there is nothing to indicate that an interpretation of the contract by the joint grievance committee was intended either to be a decision or a final one. The critical provision is that "In the event of an (sic) unanimous interpretation, said *interpretation* shall be final and binding, and shall be *applied*

by the Parties involved." (Emphasis added.) There is nothing to indicate that this interpretation, though regarded as final and binding as an interpretation, constitutes a final *decision* which *settles* the dispute in accordance with the rule of the General Drivers case, *supra*. In fact, the provision for arbitration in case the dispute is not "settled" *either* by absence of a unanimous interpretation or by the application of a unanimous interpretation is clear evidence that it is not to be regarded in every case as a final decision. It is clear from the pleadings that the parties could follow the Grievance Committee interpretation and apply it faithfully and still not "settle" the dispute under the appropriate provisions of the collective bargaining agreement. The pertinent paragraph of the contract calls for "payment to all eligible employees [of] any vacation pay due said employees as of the date of his termination as employer, or . . . payment to his successor an amount equal to the total amount due all eligible employees for vacation pay as of the date of his termination as employer." The interpretation of the Grievance Committee is that defendant should pay "the vacation monies owed in either of the methods stated in the contract." Defendant, however, denies that it has not paid all monies owed and that it owes any further monies. The Grievance Committee decision (in reality, an interpretation) could not purport to determine the amounts due and did not do so. The arbitration provisions of the contract purport to apply to the "adjustment" of "grievances." This unresolved question, then, which is sought to be brought before this Court, is in reality a question for the arbitrator.

Plaintiff argues that the Grievance Committee interpretation, if unanimous, is meant to be the final step of the grievance procedure, stating that:

"The grievance procedure is clear and unambiguous. It does not admit of any interpretation other than that if because of failure of the parties to agree in step (a) to submit it for interpretation by a committee composed of representatives of the parties who had participated in the negotiation of the agreement, and that committee unanimously interprets the contract language, the interpretation shall be 'final and binding' upon the parties."

But, as has been noted above, there is a crucial distinction between a final and binding interpretation and a final and binding decision. The Grievance Committee, under the terms of the contract, could render a final and binding interpretation, but only in the event that its application resolved and "settled" the dispute within the meaning of General Drivers Local 89 v. Riss and Company, *supra*, could the interpretation be the equivalent of a final and binding decision. When the application of the unanimous interpretation does not fully "adjust" the "grievance," arbitration is called for under the contract. This is clear from the four corners of the contract, in the provision that arbitration is proper when the dispute is not "settled" either by agreement of the employer, shop committee and union representative, or interpretation by a grievance committee of the employer and union representatives who negotiated the contract, "*or* if there is no unanimous interpretation." The contract thus clearly provides for arbitration in an instance when a unanimous interpretation and application does not "settle" the dispute as well as in an instance in which there is no unanimous interpretation.

Plaintiff is therefore entitled to a judgment compelling arbitration upon its request therefor.

It is therefore

Ordered that plaintiff's "application for order to defendant to show cause why it has not complied with grievance committee award" be, and it is hereby, denied. It is further

Adjudged that defendant be, and it is hereby, compelled to arbitrate the dispute over payment of vacation pay monies in accordance with the collective bargaining contract upon plaintiff's request for arbitration.