SOUTHWESTERN ELECTRIC POWER
COMPANY, Appellant,

v.

LOCAL UNION NO. 738, INTERNATION-
AL BROTHERHOOD OF ELECTRI-
CAL WORKERS, AFL-CIO, Appellee.

No. 18690.

United States Court of Appeals
Fifth Circuit.

Sept. 1, 1961.

Rehearing Denied Oct. 2, 1961.

Richard L. Arnold, W. H. Arnold, III, and Arnold & Arnold, Texarkana, Ark., for appellant.

R. L. Whitehead, Longview, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Southwestern Electric Power Company, herein called the Company, furnishes electric current to consumers in Louisiana, Arkansas and Texas. It has, and for some years has had, a collective bargaining contract with the appellee, Local Union No. 738, International Brotherhood of Electrical Workers, AFL-CIO, herein called the Union. The contract between the Company and the Union contained a seniority clause, Numbered Rule 8 of Article 14, in the following terms:

"Seniority shall rule in making reductions in or additions to the forces, and in making promotions, subject to the relative ability and quali-

fications of the Employees concerned, as to their present or prospective job classifications."

The contract also contained an arbitration clause which provided for the handling of grievances. The agreement did not define "grievance" or in any way limit or modify the application of the arbitration clause to grievances. The pertinent provisions of the arbitration article are:

"In the event any Employe or group of Employees covered by this Agreement shall have any grievance, he shall first report such grievance to his Local, whose authorized representatives may take such grievance up verbally with the Employee's immediate supervisor; and in the event a satisfactory solution cannot be obtained in this manner, then, if Local, after due investigation, decides that such grievance should be taken to higher authority in Management, it shall do so in writing, stating the Article and Rule of this Agreement which is violated, together with all the facts as disclosed by such investigation. All grievances must be filed with the Company or the Union within thirty days after the alleged violation of the Rule. Such matters shall be referred to higher officials of Management in the following order:

"1. Division Management or Operating Superintendent. A decision shall be rendered within a ten working day period.

"2. Vice President, Engineering-Operations. A decision shall be rendered within a fifteen working day period.

"Similarly, if Management shall have any grievance, it shall take the matter up with higher officials of the Union in the following order:

"1. Local Representative.

"2. International Representative.

"3. District International Vice-President.

"In the event that satisfactory solution of such grievance, either on the part of the Union or on the part of Management, cannot be obtained at one of these points, then either Union or Management shall have the right to refer the matter in controversy to the International Vice-President in the district involved for further discussion with the Vice-President, Engineering-Operations.

"The parties shall designate a Board of Arbitration consisting of one member chosen by the Union, one member chosen by the Company and a third impartial arbitrator. This third impartial arbitrator, whose fee and expense shall be borne equally by the Union and the Company, shall be selected by elimination from a list of five (5) names furnished at the request of either the Union or the Company by the American Arbitration Association. The Union and the Company shall each have the option of rejecting any two (2) names on said list, and the first name of the remaining names shall be that of the third impartial arbitrator. The decision of the Board must be rendered within ten (10) days after it has heard all the facts of the grievance and such decision will be final and binding upon all parties to this Agreement.

"The Arbitrator or Board of Arbitrators shall have no power to add to, subtract from, or modify the terms of this Agreement."

In April, 1958, the Company had an opening for a serviceman in Longview, Texas, and so notified the Union. The Company gave the job to Guy Pritchett who at the time was an apprentice serviceman but was carried on the Company payroll as an apprentice lineman. He was selected in preference to four journeymen linemen, Eugene Owsley, who was employed on January 10, 1949, Houston Vail, who was employed on May 3, 1954, H. T. Fuller, who was employed on April 6, 1955, and Wallace Strickland,

who was employed on June 16, 1957. Pritchett was employed on May 3, 1954, the same day that Vail was employed. The Union presented a grievance in writing to the Company's Local Manager in Longview claiming that in giving the job to Pritchett the Company had violated the seniority clause of the contract. The Company's Local Manager sent the grievance to the Company's Division Manager at Marshall, Texas. A meeting was held and an investigation made, after which the Division Manager made a report in which it was stated that none of the four journeymen linemen was qualified as a serviceman, that Pritchett, although classified as a fourth-year apprentice, had taken intensive training as a serviceman and was qualified for the job.

The grievance was submitted to the Company's Vice-President in Charge of Engineering-Operations who advised the Union's Business Agent that the selection of Pritchett as a man having the best over-all qualifications and training for the job was thoroughly justified. This was followed by a letter from the International Representative of the Union, P. A. Alexander, to the Company's Vice President stating that the Union desired to submit the grievance to arbitration, and naming himself as the Union member of a board of arbitration. The Company was requested to name a member to an arbitration board and to join in requesting from the American Arbitration Association a list from which a third arbitrator could be selected. In the acknowledgement of this letter, no reference was made to the demand for arbitration. In response to a further inquiry from the Union's attorney the Company refused to submit to arbitration. In so doing, the Company's Vice President wrote that Pritchett was the best qualified man for the job, that the seniority provision of the contract was expressly made "subject to the relative ability and qualifications of the Employees concerned." The letter of the Company's Vice President to the attorney for the Union continued:

"In these circumstances, it is my opinion, and I have previously advised the Locals and Mr. Alexander to this effect in the meetings which we have held, that there is no grievance to arbitrate within the meaning and intent of the labor agreement which exists between our company and the Local Unions. We have in all respects complied with Rule 8 of Article 14 and the grievance procedure of the agreement with the Locals.

"It seems to me that the claim advanced by your client that arbitration is required is wholly contrary to the terms of the contract and amounts to an attempt to change the language of the contract by the arbitration process.

"I refer you to the following language which occurs at the end of Article 5 of the existing agreement: 'The Arbitrator or Board of Arbitrators shall have no power to add to, subtract from, or modify the terms of this Agreement.'

"We must, therefore, reject your client's claim for arbitration on the ground that no arbitrable grievance exists within the meaning of the contract."

The Union brought suit praying for a mandatory injunction requiring the Company to submit the grievance to arbitration. The Union proved the dates of employment and the job ratings of Pritchett and the four journeymen linemen. The Company sought to show that seniority meant only the length of time extending from the date of employment. Evidence was introduced by the Company for the purpose of showing that Pritchett was qualified as a serviceman and that each of the four journeymen linemen was not. The district court concluded that there was a disagreement between the Union and the Company as to whether Pritchett was the senior qualified employee entitled to assignment to the job as serviceman, and that this question presented a grievance within the meaning

of the contract and that the Union was entitled to have an arbitration. Arbitration was ordered by the court's injunction and the Company has appealed.

■■ The Company assigns two specifications of error. The first of these is that the conditions precedent to arbitration have not been met in that the matter was not referred to the International Vice President of the Union for further discussion with the Vice President, Engineering-Operations of the Company, and that the Union failed to furnish, with the grievance, a statement of all the facts. As to the failure to furnish the statement of facts it may be said that there was no objection made at any time before the suit was brought that the statement was not furnished and it may be further said that the facts were fully developed. As to the failure to have a reference to the International Vice President of the Union for a discussion with the Vice President of the Company, it may be said that the refusal of the Company to submit to arbitration was squarely based upon the proposition that there was no arbitrable grievance. No suggestion was made that any statement of fact was needed or that any further discussion upon a higher level was desirable, or that arbitration was not available because of non-performance of contract conditions by the Union.

■ The record clearly shows an unwillingness on the part of the Company to recognize the Union's claim as a grievance which was covered by the arbitration clauses of the contract. Upon receipt of the letter the Union had justification for a belief that the performance of the conditions precedent would be useless. The repudiation of arbitration as a means of determining the dispute was unequivocal. The Company is estopped to assert now that arbitration cannot be had because the specified conditions precedent had not been performed. United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997; United Protective Workers of America v. Ford Motor Co., 7 Cir., 223 F.2d 49, 48 A.L.R.2d 1285; 3 Corbin on Contracts

941, § 762. We find no merit in the Company's first specification of error.

■■ The second ground upon which the Company seeks reversal is that no valid arbitrable grievance under the agreement has been asserted by the Union. The Company states that, as a matter of law, arbitrators cannot add to or subtract from, or modify the terms of the agreement. This is an accurate statement but is not here applicable. The Company makes an extended argument upon the merits. These are not for our consideration on the issue of whether there is an arbitrable grievance under the terms of the contract. Nepco Unit of Local 95, etc. v. Nekoosa-Edwards Paper Company, 7 Cir., 1961, 287 F.2d 452. We think an affirmance is required on the authority of United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; and United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409. In the American Manufacturing Co. case a union member named Sparks had been awarded workmen's compensation on the basis of permanent disability. Sparks wanted his job back and the employer refused to rehire him. The union filed a grievance on the ground that Sparks was entitled to reinstatement under the contract seniority provisions. The employer refused to rehire Sparks and refused to recognize an arbitrable grievance. It was there said:

"The union claimed in this case that the company had violated a specific provision of the contract. The company took the position that it had not violated that clause. There was, therefore, a dispute between the parties as to 'the meaning, interpretation and application' of the collective bargaining agreement. Arbitration should have been ordered." 363 U.S. 564, 569, 80 S.Ct. 1343, 1347.

See also Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Lodge No. 12, Dis-

trict No. 37, etc. v. Cameron Iron Works, 5 Cir., 1958, 257 F.2d 467, certiorari den. 358 U.S. 880, 79 S.Ct. 120, 3 L.Ed.2d 110; Nepco Unit of Local 95, etc. v. Nekoosa-Edwards Paper Co., supra.

The judgment of the district court in ordering arbitration was a proper one. It is

Affirmed.