INTERNATIONAL ASSOCIATION OF MACHINISTS, AFL–CIO, and Its Local Lodge No. 2003, Appellant,

v.

The HAYES CORPORATION, Appellee.

Nos. 18946, 18947.

United States Court of Appeals
Fifth Circuit.

April 19, 1963.

Cameron, Circuit Judge, dissented.

Thomas N. Crawford, Jr., Jerome A. Cooper, Birmingham, Ala., for appellant.

J. Asa Rountree, Drayton T. Scott, Birmingham, Ala., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

PER CURIAM.

The Employer's petition for rehearing acquiescing in our decision on the question of arbitrability, vigorously attacks the holding on the second point as to the procedural timeliness of the demand for arbitration. 5 Cir., 296 F.2d 238, at 243, 244.

Reconsideration is persuasive that as was true in Southwestern Electric Power Co. v. Electrical Workers, Local 738, 5 Cir., 1961, 293 F.2d 929, the Employer's actions constituted an absolute "unwillingness * * * to recognize the Union's claim as a grievance * * * covered by the arbitration clauses of the contract." The Employer's "* * * repudiation of arbitration as a means of determining the dispute was unequivocal."

From the beginning to the end the Employer flatly refused to entertain this controversy as a subject of the grievance machinery culminating in arbitration. No formal action, as prescribed in the contract, was ever taken by the Employer on the grievance forms themselves. Save for the Union's signature, they remained blank. The Employer refused to

accept the grievance claims and "returned" them to the Union. They "* * * were refused by Sup. of Employee Relations." And when the Union made "delivery of these grievances * * *" in the unsuccessful effort to invoke grievance machinery, the Supervisor of Employee Relations November 27, 1959, "* * * informed the union that * * * they were not subject to the grievance procedure of the basic labor contract." And on December 2, 1959, at a third step grievance meeting between the Employer and the Union, the Supervisor of Employee Relations "stated to representatives of the union that the discharges * * * were directed by the Government and that they were therefore not subject to the grievance procedure of the basic labor contract."

Although Step 3 of the contract Grievance Procedure (see note 4, 296 F.2d 238, 240) prescribed that "[t]he Director of Industrial Relations * * * shall render a decision in writing within five (5) working days after adjournment of the meeting," no such written decision was ever rendered. In Case No. 18947 there was no writing at all, and in No. 18946 the Director on December 4, 1959, merely returned the grievance with a letter which stated: "I am returning herewith the Grievance of E. R. Martin and S. E. Snellgrove for reasons as previously stated to you by the Company." These reasons were, of course, that the grievances were not subject to the Grievance Procedure of the contract.

And, finally, indicating that this position of the Employer—reflected as it was by statements and conduct during the actual efforts to secure grievance procedure disposition—was still the Employer's deliberate position, the formal answer filed by the Employer in court asserted positively that the grievances "are not and were not subject to the grievance and arbitration provisions of the contract * * *." Reflecting that this was the contemporary position of the Employer, the answer continued in the present tense that the Employer "* *

denies that in such contract, or otherwise, it agreed to submit such matters to arbitration. * * *" (see note 8, 296 F.2d 238 at 241).

In the face of that record, it comes too late for the Employer now to say that had arbitration been formally demanded in writing, it *might* have considered the grievances on their merits. By all objective standards, the Employer's answer would have been the same as it was in every step, in the formal answer filed, in the position vigorously taken in the District Court, and reaffirmed here by brief and argument: the controversy was not subject to the grievance machinery.

The Employer cannot now insist that the Union should have demanded the right to hear this response again.

Rehearing denied.

CAMERON, Circuit Judge, dissents.