**MINUTE MAID COMPANY, Appellant,**

v.

**CITRUS, CANNERY, FOOD PROCESS-ING AND ALLIED WORKERS, DRIV-ERS, WAREHOUSEMEN AND HELP-ERS, LOCAL UNION #444, Appellees.**

**No. 21168.**

United States Court of Appeals Fifth Circuit.

April 28, 1964.

O. R. T. Bowden, Hamilton & Bowden, Jacksonville, Fla., for appellant.

Richard H. Frank, Tampa, Fla., for appellees.

Before TUTTLE, Chief Judge, and POPE * and BROWN, Circuit Judges.

PER CURIAM.

The Company appeals from a judgment of the District Court enforcing compliance with an arbitration award which determines that an employee was laid off in violation of the collective bargaining agreement between Company and Union, and orders reinstatement with back pay. The Company asserts that the award was beyond the authority of the arbitrator because (1) the grievance did not specify the particular subsection of the agreement relied upon by the arbitrator (although it did specify another closely related section) and (2) the collective bargaining agreement does not expressly provide for a back pay remedy (although it does not expressly preclude such remedy).

■ In line with the so-called trilogy [1] of Supreme Court decisions and the consequent decisions of this Court including Lodge No. 12, Dist. No. 37, Intern. Ass'n of Machinists v. Cameron

Iron Works, Inc., 5 Cir., 1961, 292 F.2d 112, the merits of the award are not open to court review. The arbitrator interpreted and applied the collective bargaining agreement to this layoff situation, found that the lay-off violated the agreement, and that reinstatement with back pay was an appropriate remedy. The essence of the award was drawn from the collective bargaining agreement, United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424. The contract did not exclude from arbitration either the subject matter or the remedy adopted by the arbiter. Nor on this record do any asserted procedural irregularities vitiate the award. International Ass'n Machinists A.F.L.–C.I.O. v. Hayes Corp., 5 Cir., 1961, 296 F.2d 238, 5 Cir., 1963, 316 F.2d 90; Southwestern Elec. Power Co. v. Local Union No. 738, 5 Cir., 1961, 293 F.2d 929.

Affirmed.

* Of the Ninth Circuit, sitting by designation.

1. United Steelworkers v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424.