**AMERICAN BOSCH ARMA CORPORATION, Plaintiff,**

v.

**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, LOCAL 794, an unincorporated association, Defendant.**

No. EC6512.

United States District Court
N. D. Mississippi, E. D.

June 24, 1965.

Burgin & Gholson, Columbus, Miss., for plaintiff.

Cooper, Mitch & Crawford, Birmingham, Ala., H. T. Carter, Columbus, Miss., for defendant.

CLAYTON, District Judge.

This case arose when certain employees of plaintiff company filed a grievance under a contract then in effect between plaintiff and defendant union as the representative of the plaintiff company's employees. The grievance was submitted to arbitration under the procedure provided by the contract and after hearing an award was made, which if valid is final under said contract. Contending that the award went beyond the issues submitted, plaintiff company filed suit in state court to vacate, modify or correct the award under the provisions of Mississippi Code Annotated 1942 (Recompiled) § 291, and other laws of the state. Defendant union removed here.

Procedurally the defendant union moved to dismiss, filed answer and cross-complaint and a motion for summary judgment. Plaintiff company moved for summary judgment and all these motions are for disposition on briefs.

There is no genuine issue as to any material fact. Only issues of law are made. Both parties so agree in briefs, if not in formal pleadings.

The language of the grievance is as follows:

We protest the action of the company for not letting the integral gear assembly line work on 6–4–64.

We contend that the work was here for us, and we ask that all thirteen (13) employees be paid for eight (8) hours of work.

In the arbitrator's opinion and award, he described Grievance A–1163, as follows:

The Union requests pay for 8 hours work on June 4, 1964, for 13 employees of the integral gear assembly line as the work was there for them.

The arbitrator's award is as follows:

That the 13 assemblers 'B' who were denied the work on June 5, 1964, be paid for 8 hours.

It is to be noted that the first paragraph of the grievance protested company action "for not letting the . . . line work on 6–4–64," while the award was for pay for 13 employees "denied the work on June 5, 1964 . . .." However, it also is to be noted that in the grievance the contention was "that the work was here for us, and we ask that ally thirteen (13) employees be paid for eight (8) hours of work."

■ It is quite true that the formal language of the grievance as filed did not make a specific claim for pay for June 5, 1964, the day for which the arbitrator ordered pay for the complaining workers. But, it has never been required that grievances be submitted in language comparable to that used in formal court proceedings. Even if this were true, the addition of the lawyer's crutch "on or about" would have made this particular grievance not only acceptable lawyer-wise, but also broad enough to cover the specific award of pay for the day next following June 4, 1964.

■ It has never been the proper function of courts in cases such as this to look over the shoulder of an arbitrator

and relitigate in detail all or any of the issues properly submitted to him for his decision under such a contract as the one here. Even the case upon which the plaintiff company places its greatest reliance does not say so. In Kansas City Luggage & Novelty Workers Union, etc. v. Neevel Luggage Manufacturing Company, Inc., 325 F.2d 992 (8th Cir. 1964), a grievance was submitted for arbitration on the question of whether or not the lay-off of certain employees was improper under the terms of the contract. *No question of pay or back pay was included in this submission.* The arbitrator found that the lay-offs were improper and then entered an award not only ordering the employees reinstated, but also ordering certain back pay for the time lost. The company sought a rehearing before the arbitrator, which was refused, and the matter was submitted to the United States District Court for the Western District of Missouri on the petition of the union to enforce the arbitrator's award. The district court refused to enforce the award with respect to back pay, stating that it was not based upon the grievance and granted as to this the employer's motion for summary judgment. The Court of Appeals affirmed the judgment of the district court, saying, inter alia:

[I]t is true, as the trial court said, that the back pay issue was not specifically or necessarily included in the subject matter submitted to arbitration.

It is the law that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

That court also said:

In our opinion, this does not mean that every arbitration award may be subjected to an exhaustive post-mortem in the hope of salvaging for further controversy some subsidiary question of no controlling practical consequence, if it was not specifical-

ly included in the problem as it was submitted to the arbitrator for determination. Whether the post-award back pay question raised by the Company in this case actually merits or requires that that portion of the award be not enforced may be questionable.

In the case here, the basic underlying purpose of the grievance was pay for a time when the workers claimed that work was available and that the company had wrongfully declined to give them employment for eight hours. The very basis of the submission to the arbitrator was to determine what pay, if any, was owed to the complaining employees. He decided that they were due eight hours pay for June 5, 1964, rather than the date mentioned in the protesting part of the grievance of June 4, 1964. Hence, Kansas City Luggage has no factual application here.

Rather, such cases as United Steelworkers of America v. American Manufacturing Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) are authoritative here. Among other things, the Supreme Court said in that case:

> The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court would deem meritorious.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> When the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is entrusted to the arbitration tribunal.

And, in United Steelworkers of America v. Enterprise Wheel and Car Corporation, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Supreme Court also said:

> The refusal of the courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.

The federal labor policy favoring final and binding arbitration is set forth in the Labor Management Relations Act § 203(d); 29 U.S.C. § 173(d), which states: "Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement."

The grievance and arbitration provisions of the subject contract are very broad and the arbitrator has full authority to finally settle grievances submitted to him. The article providing for arbitration includes, inter alia, the following:

> Should differences arise between the company and the union as to the interpretation or application of, or compliance with, the provisions of this agreement, *or should grievances of any kind arise in the plant,* the matter should be settled promptly in accordance with the following procedure: . . .. (Emphasis added.)

Some more of the language used by the Supreme Court in United Steelworkers of America v. Enterprise Wheel and Car Corporation, supra, is appropriate here:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of the problem. *This is especially true when it comes to formulating remedies.* There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific

remedy should be awarded to meet a particular contingency. (Emphasis added.)

See also Minute Maid Company v. Citrus, Cannery, Food Processing and Allied Workers, Drivers, Warehousemen, and Helpers, Local No. 444, 331 F.2d 280 (5th Cir. 1964).

It follows from what has been said that the plaintiff company is not entitled to the relief sought by their suit and that defendant union is entitled to the relief sought in what it has styled "cross-complaint".

Order will be entered in accordance with this opinion.