ONEITA KNITTING MILLS, Plaintiff,

v.

INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL–CIO, and International Ladies' Garment Workers' Union, Local No. 371, Defendants.

Civ. A. No. 8738.

United States District Court
D. South Carolina,
Charleston Division.

Jan. 11, 1966.

Ellison D. Smith, Jr., Wm. H. Smith, Jr., and Thomas Kemmerlin, Jr., Columbia, S. C., for plaintiff.

E. N. Zeigler, Florence, S. C., for defendant Local No. 371, International Ladies' Garment Workers' Union.

HEMPHILL, District Judge.

Defendant unions move for a Stay in Proceedings pending arbitration, alleging that arbitration is plaintiff-management's remedy in which damages of $155,000 are sought in two causes of action under 29 U.S.C. § 185. The gravamen of plaintiff's complaint is that defendants instigated a damaging "slowdown" and a short "wildcat" strike.

Pertinent provisions of the contract between the parties (Exhibit A to the Complaint) bearing on defendants' Motion to Stay are as follows:

## GRIEVANCES

*Section 11.* Should any grievance or disagreement of any kind arise on the part of any employee covered by this agreement, there shall be no suspension of work on account of such grievance.

In handling of grievances the following procedure is to be followed: The particular employee will take it up with his or her Steward and will present to his or her Steward a written grievance properly signed. A settlement is then negotiated between the Steward and the Foreman. If the Foreman is unable to settle the matter, it is then taken up with the Superintendent of that particular department. If the grievance is not settled, it shall then be presented to the Union Shop Committee. A duplicate is then made and presented to the Management immediately. The receipt of such grievance by

Thursday noon will indicate a Union Shop Committee and Management meeting the following Monday at 10:30 A.M. at the Employer's office.

Unless the grievance is of serious nature, it shall be taken up during the lunch or other offtime period.

If the grievance or dispute is of the kind which required immediate attention, the representative of the International Union shall be given access to the plant for the purpose of assisting in its settlement. Such access to the plant, however, shall only be given upon application by such representative to the Employer for permission to enter the plant, and when present in the plant, the representative of the International Union shall be accompanied by an officer or other duly appointed representative of the Employer.

## ARBITRATION

*Section 12.* Should there be any grievance or disagreement which cannot be settled between the Employer and the Union, the matter in question shall be submitted to the American Arbitration Association, which shall appoint an arbitrator whose decision shall be final and binding on both parties.

## STRIKES AND LOCKOUTS

*Section 13.* Strikes of every kind and description, and lockouts, as well as any suspension of work, are forbidden during the life of this Agreement. The Union agrees that there shall be no such strikes or suspension of work; the Employer agrees that there will be no lockouts.

Defendants contend that by virtue of the Section 12, supra, of the collective bargaining agreement that the exclusive remedy available to Oneita Knitting Mills is arbitration. Averred is that the requirement of arbitration, taking into account the terms of the agreement, is necessarily compelled by United Steelworkers of America v. Amer. Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d

1403; United Steelworkers of America v. Warrior & Gulf Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1421.

Plaintiff contends they are not bound to arbitrate as Section 12 of the agreement does not confer upon it the right or duty to arbitrate. Plaintiff says that under the contract only the employees have the right to instigate arbitration and that Section 12 is only an extension of Section 11 which sets up the grievance procedure.

On the other hand, defendants say that under the simplest reading of Section 12 that "any grievance or disagreement * * * between the Employer and the Union * * * shall be submitted (to arbitration) * * *." Gilting this agreement further, they say that under Local 24, I. B. E. W. v. Hearst Corp., 352 F.2d 957 (4th Cir. 1965) that any doubts must be resolved in favor of arbitration, and that if an arbitration clause is "susceptible" of an interpretation that it covers the dispute, then arbitration must be had.

Defendants' motion to stay proceedings should properly be granted. As Judge Sobeloff recently pointed out in A. S. Abell Co. v. Baltimore Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964):

> The rules announced by the Supreme Court * * * unmistakably encourage the resolution of disputes arising under collective bargaining agreements by arbitration rather than by the court, including issues, such as we have here, as to whether a particular dispute is arbitrable under the terms of the agreement.

He also noted in United Textile Workers, etc. v. Newberry Mills, Inc., 315 F.2d 217, 218 (4th Cir. 1963), affirming Chief Judge J. Robert Martin:

> It has been authoritatively decided that in suits under section 301 to compel arbitration the function of

the courts is narrowly limited to determining "whether the reluctant party did agree to arbitrate the grievance * * *. An order to arbitrate the particular grievance should not be denied *unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.* Doubts should be resolved in favor of coverage." [Emphasis supplied.]

Squarely in accord with the above is Local 24, I. B. E. W. v. Hearst Corp., supra. Plaintiff's argument fails because Section 12 of the Agreement is much more than "susceptible of an interpretation that [it] covers the asserted dispute."

This Court is not divesting itself of jurisdiction in this dispute by compelling a resort to arbitration. Instead, defendants' motion for a Stay is being granted until the claim for damages is arbitrated. See Drake Bakeries v. Local 50, 370 U.S. 254, 264, 82 S.Ct. 1346, 8 L.Ed.2d 474; Lodge No. 12, Etc. v. Cameron Iron Works, Inc., 292 F.2d 112 (5th Cir. 1961); Minute Maid Co. v. Citrus, etc., Workers, 331 F.2d 280 (5th Cir. 1961). Power to enforce the award remains in this Court.

Accordingly, defendants' Motion for a Stay of Proceedings pending arbitration is hereby granted, and jurisdiction is retained for purposes of enforcing the arbitrator's award, whatever it may be.

In accordance with 28 U.S.C. § 1292 (b), the Court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the within interlocutory order of the Court may materially advance the ultimate termination of the litigation; and that either party should have the opportunity to apply to the Court of Appeals for the Fourth Circuit for permission for an appeal to be taken from such order if either should so desire. Should such application for an appeal be made by either party and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.