**BOSTON AND MAINE CORPORATION,**
Appellee,

v.

**CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.**

No. 422, Docket 31033.

United States Court of Appeals
Second Circuit.

Argued May 5, 1967.

Decided July 25, 1967.

Carl E. Newton, Robert S. Ogden, Jr., Donovan, Leisure, Newton & Irvine, New York City, for appellee.

Donald L. Wallace, C. Barry Schaefer, Clark, Carr & Ellis, New York City, for appellant.

Before WATERMAN, FRIENDLY and FEINBERG, Circuit Judges.

PER CURIAM:

This appeal seeks reversal of the disposition of this litigation by Judge Wyatt of the United States District Court for the Southern District of New York, a disposition upon appellee's motion for summary judgment[1] adequately explained as to the merits of the controversy in Judge Wyatt's excellent opinion reported at 258 F.Supp. 930 (1966). We affirm the judgment below and do so substantially on that opinion.

We believe we are required to point out, however, that though judicial enforcement of the arbitration award, the unanimous act of the Arbitration Committee, was proper, we, unlike the district judge who ordered its enforcement according to the law of New York, would have ordered enforcement under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. The transactions submitted to an agreed arbitration by these interstate rail carriers were transactions in interstate commerce; the Boston and Maine invoked arbitration to recover interline freight balances due it from the Burlington, and the Burlington submitted as a defense that it was withholding these balances to protect itself for standard per diem charges due it from Boston and Maine for the use by Boston and Maine of freight cars owned by Burlington.

■■ Accordingly, even though the case was originally brought in the New York courts and became a removed case in the United States District Court for the Southern District of New York, the Federal Arbitration Act should here apply. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (2 Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dismissed per stipulation, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). "Federal courts are bound to apply rules enacted by Congress with respect to matters—here, a contract involving commerce—over which it has legislative power." Prima Paint Corp. v. Flood & Conklin Mfg. Co., supra, 388 U.S. 395, at 406, 87 S.Ct. 1801, at 1807.

■ Nevertheless, there is no practical difference here whether state law or federal law is held to control the judicial enforcement procedures of this arbitration award. Whether the appellee's district court judgment, predicated upon the award, becomes an enforceable judgment through a utilization of the enforcement procedures of New York State or those provided for in the Federal Arbitration Act is quite immaterial in the present posture of this litigation. The amount of appellee's judgment recoverable from appellant is the same amount, and the judgment enforcing the award reached by a different procedural avenue by the district judge from the avenue we would have used is a correct judgment.

Therefore we affirm the judgment. See Hellenic Lines, Ltd. v. Louis Dreyfus Corp., 372 F.2d 753, 756 (2 Cir. 1967).

---

1. The reported opinion was the last of three opinions handed down by Judge Wyatt on October 4, 1966 in the case. Appellant had moved to amend its answer and for a stay of the court proceedings pending a final determination until certain I. C. C. matters were completed. The motion to amend was granted and the stay denied. The appellee had moved to dismiss certain of the affirmative defenses and counterclaims that appellant had filed in answer to appellee's action. This motion, as well as the motion for summary judgment, was granted. In affirming the disposition below on the reported opinion below we also affirm, on the other two unreported opinions, the orders entered thereon.