**BOSTON AND MAINE CORPORATION,**
**Plaintiff,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, Defendant.**

**No. 66 Civ. 3849.**

United States District Court
S. D. New York.

Aug. 31, 1967.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff; Carl E. Newton, Robert S. Ogden, Jr., New York City, of counsel.

Clark, Carr & Ellis, New York City, for defendant; Donald L. Wallace, C. Barry Schaefer, New York City, of counsel.

## OPINION

HERLANDS, District Judge.

In this action commenced on November 18, 1966 primarily to enforce an arbitration award, the following three motions are now before the Court: (1) defendant's motion to dismiss or in the alternative for a stay of proceedings; (2) plaintiff's motion to strike defenses, to dismiss or to sever counterclaims, and for summary judgment on the First Claim of its complaint, the claim seeking enforcement of the arbitration award; and (3) defendant's motion for leave to file and serve an amended answer.

Except for differences in legal maneuvering, the controversy between plaintiff and this defendant is substantially identical to that between plaintiff and, among others, the Chicago, Burlington and Quincy Railroad. The fundamental question is whether defendant is entitled to set-off claimed per diem freight car rentals (allegedly due by plaintiff to defendant) against interline freight balances due by defendant to plaintiff— obligations created when one carrier collects the entire freight revenue paid for shipments which move over several lines. The problem had arisen because of an industry-wide dispute concerning the proper per diem rate for freight car rentals, a dispute which has been pending before the Interstate Commerce Commission for more than eight years. Some railway carriers, including defendant and the Burlington railroad, resorted to self-help in the interim, attempting collection of the rentals claimed by offsetting amounts against interline freight balances owed.

In the present case, on July 2, 1965, plaintiff invoked the mandatory arbitration rules of the Association of American Railroads, of which both plaintiff and defendant are members, to recover the sums withheld. A three-man Arbitration Committee unanimously determined on January 20, 1966 that set-off was improper under Rule 149[1] of the Mandatory Railway Accounting Rules of the Association. A similar arbitration award against the Burlington railroad

1. Rule 149 reads as follows:
> "SETTLEMENT OF INTER-
> LINE BALANCES
> The settling carrier shall pay to each intermediate carrier its proportion of the interline freight revenue, whether the freight charges are prepaid or collect, advances and prepaid to be included in the settlement with the waybilling carrier. Settlements shall be made on net balances which shall be immediately subject to sight draft, except where special arrangements are made between interested carriers."

has already been reduced to judgment in this Court. *Boston and Maine Corp. v. Chicago, Burlington and Quincy Railroad*, 258 F.Supp. 930 (S.D.N.Y.1966), aff'd per curiam, 381 F.2d 365 (1967). That case disposes of all objections to plaintiff's motion for partial summary judgment herein save those which arise out of certain prior litigation between the present parties.

In 1959, plaintiff had instituted a suit against defendant, in the Supreme Court of the State of New York, to recover interline freight balances withheld from May 1, 1958 through September 30, 1958 (a period covered by the present arbitration award which extends to April, 1965). Defendant asserted a counterclaim for alleged per diem car rental charges. The court sustained the sufficiency of the counterclaim against plaintiff's motion to dismiss, but held that the question of the amount should await the I.C.C. determination of a proper rate. At the same time, it denied plaintiff's motion for summary judgment, for the reason that "the counterclaim on its face may equal or be greater than the amount claimed in the complaint". N.Y.L.J., May 7, 1959, p. 10. Later, in denying plaintiff's motion for reargument seeking severance of the counterclaim, the court stated:

"No proof was submitted that the matter before the Interstate Commerce Commission will unduly delay the trial any more than if this court had retained full jurisdiction and submitted the rate question to a referee. * * * If the defendant delays such hearing, the plaintiff may make an appropriate motion to sever the counterclaim based upon such facts. At the present time the court in its discretion will not sever the counterclaim." N.Y.L.J., July 3, 1959, p. 4, col. 7.

Subsequently, in 1963, the parties filed the following stipulation in the State court action:

"Neither the plaintiff nor the defendant will take any action before this Court in the above-captioned action until the appropriate per diem rates in issue herein have been decided by the Interstate Commerce Commission in Docket No. 31358, or otherwise, and judicial review of said determinations have either been completed or the time within which such judicial review can take place has expired; then the attorneys for the respective parties hereto will utilize their best efforts to resolve such issues, if any, as may remain in this action before this Court at that time."

When plaintiff initiated the arbitration proceeding in 1965, defendant submitted to the arbitration but moved to dismiss for lack of jurisdiction, contending that the question of a right of set-off had been finally determined by the New York courts, and, also, that the stipulation filed in the New York action constituted a "special arrangement" within the meaning of Mandatory Accounting Rule 149. Being dissatisfied with the unfavorable decision and award of the Arbitration Committee, defendant invoked the appeal process provided in the rules. The Interline Freight Accounting Appeal Committee, however, sustained the decision below, on June 13, 1966.

Defendant now seeks to overturn that arbitration award on essentially the same jurisdictional grounds asserted before the two arbitration panels—namely, that the issue of a right of set-off was *res judicata* by reason of the decision in the State court. In its proposed amended answer,[2] defendant further contends that

---

**2.** In addition to denials, the proposed amended answer alleges the following affirmative defenses and counterclaims:

The first affirmative defense against enforcement of the 1966 arbitration

award pleads the bar of *res judicata* and collateral estoppel based on the 1959 State action.

The second affirmative defense against enforcement of the said award pleads the

the award is void because plaintiff waived its right to arbitration by electing to sue in the State court. Both defenses are plainly insufficient as a matter of law.

■ At the outset, it may be stated that the arbitration award in question—whose finality and enforceability are governed by the Federal Arbitration Act[3]—may be vacated only on certain narrow grounds.[4] Those grounds relate primarily to the fairness of the hearing and of the arbitrators themselves, and to the power of the arbitrators as contractually defined. No claim has been made that the arbitration proceedings were conducted unfairly. The sole basis urged is that the arbitrators lacked authority to deal with the question of the propriety of set-off.

■ While defendant might have secured a stay of arbitration[5] had it sought one prior to the arbitration proceeding—or barred enforcement of the award had it not participated—its claim that plaintiff waived the right to arbitration is now untimely. Having participated in the arbitration proceeding, defendant is foreclosed from upsetting the award on this basis. Submission to arbitration constituted a waiver, on defendant's part, of any such objection. See, e. g., Reeves v. Tarvizian, 351 F.2d 889 (1st Cir. 1965) (Massachusetts law);

National Cash Register Co. v. Wilson, 8 N.Y.2d 377, 208 N.Y.S.2d 951, 171 N.E. 2d 302 (1960).[6]

■ This ruling flows logically from certain fundamental concepts. An agreement to arbitrate vests the arbitrators with powers as broad as the agreement explicitly or implicitly provides. Submission to arbitration ratifies the power of the arbitrators to deal with matters submitted. To permit a party who has participated fully in the proceedings to later challenge his obligation to arbitrate would be manifestly unfair since the award is otherwise binding on the facts and the law. Having sought expeditious justice in a contractual forum, the losing party may not turn around and upset the arbitration award with a claim that its opponent had foregone its right to arbitration. The public policy favoring arbitration would be greatly undermined were the Court to sustain such a "heads—I win, tails—you lose" objection.

■ A similar rationale bars defendant from overturning the award on a claim of *res judicata*. Having argued the defense before the arbitrators, defendant is now precluded from relitigating the question in this enforcement proceeding. Moreover, perusal of the State court opinions makes it plain that neither the defense of *res judicata* nor the relat-

---

bar of plaintiff's waiver of arbitration by having commenced the State action.

The third affirmative defense and first counterclaim is based on the off-set of plaintiff's alleged indebtedness to defendant for per diem freight car rental.

The fourth affirmative defense pleads as against the Second and Third Claims the unenforceability of a certain 1956 contract whereby defendant agreed to forego suing plaintiff for per diem freight car rental claims until a reasonable time after termination of the I.C.C. proceedings.

The second counterclaim is based on the allegedly harassing and vexatious character of the arbitration proceedings instituted by plaintiff and plaintiff's present action.

The fifth affirmative defense is that the Third Claim is barred by the statute of limitations.

3. 9 U.S.C. § 1 et seq. See Boston and Maine Corp. v. Chicago, Burlington and Quincy Railroad, 381 F.2d 365, 366 (1967).

4. 9 U.S.C. § 10.

5. An application or motion to stay arbitration is authorized in the New York courts under C.P.L.R. 7503(b). Whether such relief is available in the federal courts under certain circumstances is a matter which we do not reach. Cf. 28 U.S.C. § 1651(a); Boston and Maine Corp. v. Lehigh and New England Railroad, Civ. 148–213, Endorsement, March 14, 1967.

6. The specific question does not appear to have been decided previously under the Federal Arbitration Act. The cases cited, however, are highly persuasive on the point at issue.

ed doctrine of collateral estoppel is available to defendant. The decision of the State court relied upon was a denial of summary judgment, not a final judgment on the merits. Indeed, that decision did not even make a final disposition of the question of defendant's right to set-off under common-law principles. The court explicitly noted, in denying reargument, that its decision was but a discretionary ruling subject to change, upon a proper showing, before final judgment. Such a tentative, interlocutory determination can have no *res judicata* effect in subsequent proceedings elsewhere, even though it is immediately appealable in the New York courts.

Having expressed our views on the principal question to be decided, we now consider more particularly the specific motions. For convenience, they will be discussed in reverse sequence.

 By its proposed amended answer, defendant sought to assert two additional defenses—one addressed to plaintiff's First Claim, and the other to the Third Claim. In upholding the arbitration award, the Court has found the first additional defense insufficient as a matter of law. The second additional defense relates to the Third Claim of the complaint which is not in issue on these motions. Accordingly, since plaintiff would not be prejudiced by amendment of the answer, the Court grants defendant's motion for leave to file an amended answer. Fed.R.Civ.P. 15(a). Defendant may file and serve an amended answer which shall accord with the views expressed in this opinion within twenty days after the filing date of the order to be settled herein.

There being no genuine issue as to any material fact on the First Claim of the complaint, the Court concludes that plaintiff is entitled to judgment on that claim as a matter of law. Fed.R.Civ.P. 56(c). Since there is no just reason for delay, the Court expressly directs entry of judgment for plaintiff on its First Claim. Fed.R.Civ.P. 54(b).

Consistent with the above ruling, the following defenses and counterclaims must be stricken from the proposed amended answer pursuant to Fed.R. Civ.P. 12(f): (1) "First Affirmative Defense"; (2) "Second Affirmative Defense"; (3) "Second Counterclaim".

Finally, defendant's motion to dismiss and in the alternative for a stay of proceedings is denied insofar as it relates to the First Claim. In relation to the Second and Third Claims, the motion is denied without prejudice. Since defendant's claim for freight car rentals is now pending in two courts, and there are a number of other cases involving similar claims pending in this Court, the parties may wish to change their litigation strategy in light of the present decision.

The motions are disposed of in accordance with the above rulings.

Settle order on notice.