AMALGAMATED FOOD & ALLIED
WORKERS UNION, LOCAL 56,
and John Sichik

v.

The GREAT ATLANTIC AND PACIFIC
TEA CO., D. V. Stiffler, and William
N. Loucks, the Great Atlantic and Pa-
cific Tea Company and D. V. Stiffler,
Appellants.

No. 17440.

United States Court of Appeals
Third Circuit.

Argued March 4, 1969.

Decided July 16, 1969.

Miles W. Kirkpatrick, Morgan, Lewis
& Bockius, Phildelphia, Pa. (Robert H.
Kleeb, Philadelphia, Pa., on the brief),
for appellants.

David Seliger, Plone, Tomar, Parks &
Seliger, Camden, N. J. (Howard S.
Simonoff, Eleanor H. Klein, Camden,
N. J., on the brief), for appellees.

Before KALODNER, FREEDMAN
and SEITZ, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

In the instant case the District Court
vacated the Award of the Arbitrators on
the ground that "the arbitrators' deci-
sion as to the scope of the submission
was in violation of the terms of the
collective-bargaining agreement, and
that the decision reached is so unreason-
able as to amount to a lack of due proc-
ess." The Arbitrators had refused to
consider the issue as to whether a dis-
charged employee had committed a theft
from his employer on the ground that
the issue had not been submitted to
them and, for reasons later stated, limit-
ed their consideration to the single issue
whether the penalty of discharge suf-
fered by the employee violated the terms
of the collective bargaining agreement.

The threshhold question presented by
this appeal is whether the District Court
acted within the permissible scope of the
judicial review of an arbitration award.

The facts critical to our disposition
may be summarized as follows:

On April 7, 1965, the appellant, John
Sichik was discharged by defendant
Great Atlantic and Pacific Tea Company
("A&P"), after 32 years of service, for
allegedly stealing four cans of crab
meat. Sichik denied that he had stolen
the crab meat and asked Local 56, Amal-
gamated Food and Allied Workers Union
("Union"), of which he was a member,
to intervene in his behalf. There fol-
lowed two discussions between Joseph C.

Nettleton, Vice-President and Business Agent of the Union, and representatives of A&P. At both discussions Nettleton expressed the view that there was insufficient evidence to justify the discharge and indicated that Union would seek arbitration.[1] Thereafter, on May 21, 1965, the Union Executive Board decided to request arbitration of Sichik's discharge.

On May 27, 1965, Nettleton sent the following letter to the A&P Personnel Manager:

"This is to advise you that the Union intends to institute arbitration proceedings in behalf of John Sichik.

"The matter was brought before our Executive Board, and in view of the fact that John Sichik has 32 years of seniority, they felt that dismissing him from his job was too severe.

"We will be available to discuss this matter with you. If we do not hear from you, we will go ahead with arbitration proceedings."

When A&P did not respond to this letter, Union's attorneys wrote on June 16, 1965, stating that "[p]ursuant to the terms of the collective bargaining agreement we request that the matter of the discharge of John Sichik be submitted to arbitration."

A&P failed to reply to this letter, and on September 7, 1965, Union counsel sent another letter, noting that they had received no answer to their letter of June 16, in which they had requested that "the discharge of John Sichik be submitted to arbitration."

Again A&P failed to respond, and on September 14, 1965, Union counsel sent the following letter to the American Arbitration Association:

"Pursuant to the terms of the contract between Local 56 and A&P, we request the submission of the discharge of John Sichik to arbitration. Please send both parties lists of proposed arbitrators."

A&P, though informed by the Association of its right to file an answering statement, did not do so.

A Board of Arbitrators was then constituted.

Nettleton was appointed to the Board as Union's representative; D. V. Stiffler as A&P representative; and they selected Dr. William N. Loucks, as Impartial Chairman of the Board.

The Board conducted hearings on January 19 and March 17, 1966 and met in executive sessions on April 14 and 28 and June 14, 1966.

A&P contended at the January 19th hearing that Nettleton's letter of May 27, 1965 was a Union concession that Sichik had committed the theft offense and accordingly Union had submitted for arbitration only the issue of severity of the discipline of dismissal. That contention was immediately disputed by Union which urged that the issue submitted for arbitration was whether Sichik was discharged for just cause. Evidence was adduced by both parties at the first hearing on the issue whether Sichik was guilty of the alleged theft.

The parties then filed briefs with the Board bearing on the scope of the issue

---

1. The Contract between the Union and A&P provided in pertinent part:

Article XII, Section 12.1—"(a) The Employer shall not discharge or discipline any employee except for just cause

* * *

    *      *      *      *

"(d) [If] it is found that the said employee was dismissed without just cause, then the said employee shall be reinstated with full pay for time lost.

"(e) In the event the Union and the Employer cannot agree concerning the justification of such dismissal, then the dismissal shall be arbitrated in accordance with the arbitration procedure herein set forth in Article XIII."

Article XIII, Section 13.4—"In the event of an arbitration involving the dismissal of an employee, the Board of Arbitration may reinstate the said employee to his former position and seniority if no sufficient cause has been established, with or without back pay."

submitted for arbitration. A&P in its brief stated, *inter alia:*

> "The sole issue in this case is whether the grievant, John Sichik, took property, without paying for it, from the store in which he was employed in violation of Company policy."

At the April 28, 1966, executive session the Impartial Arbitrator presented a draft of a proposed award which provided, *inter alia,* that:

> "The Board of Arbitration hereby directs that the Company shall reinstate John Sichik as its employee with full compensation for wages which he may have lost during the period he has been in discharge status, and without impairment of his seniority or rights dependent thereupon.

> "The Board hereby recommends that, immediately upon his reinstatement as an employee, John Sichik be transferred to another of the Company's stores without reduction in his rate of pay.

> "This direction and this recommendation are based upon the following findings by the Board: (1) The full record of these arbitration proceedings creates suspicion that the grievant was guilty of the offense for which he was discharged; (2) The Board has found it impossible to resolve unanimously certain significant doubts held by a majority of the Board members that the record *per se* fully convinces that the grievant was in fact guilty of the offense charged."

The proposed draft was withdrawn by the Impartial Arbitrator when Arbitrator Stiffler refused to subscribe to it.

At the June 14th session, the Impartial Chairman submitted the draft of a second proposed Award, which provided in relevant part:

> "The Union's demand that John Sichik be reinstated to the position he held with the Company on April 6, 1965, with full seniority and all other rights guaranteed him under the agreement, and with reimbursement for all monetary losses that he sus-

tained due to his discharge, is hereby dismissed."

The stated Award was joined in by Impartial Arbitrator Loucks and A&P Arbitrator Stiffler. Union Arbitrator dissented.

In the "Opinion of Impartial Arbitrator", filed by Dr. Loucks, he made it clear that he and Stiffler had not considered the issue whether Sichik had committed a theft on the ground that it had not been submitted for arbitration by Union, and that they deemed the arbitration issue to be confined to the severity of the penalty of discharge meted out by A&P to Sichik.

The Opinion declared that it had premised its determination as to the limited scope of the issue submitted for arbitration on the May 27, 1965 letter written to A&P by Nettleton in his capacity as vice-president and business agent of Union, earlier here set forth.

In doing so the Opinion stated:

> "The Impartial Chairman wishes to make it completely clear that the above conclusions which control his vote do not involve *his own personal judgment* on whether or not the testimony before the Board sustains a factual finding on whether Mr. Sichik did or did not steal Employer's property on April 6, 1965. The letter of May 27, 1965 (Company Exhibit #1), for reasons which he has elaborated earlier in this Opinion, removed that question from the legitimate scope of considerations controlling the Impartial Arbitrator's vote as a Board member."

In his "Dissenting Opinion" Union Arbitrator Nettleton challenged the determination that his letter of May 27, 1965 had limited the scope of arbitration to the issue of penalty, and asserted that the issue submitted by the Union for arbitration was the "just cause" of Sichik's dismissal, viz., Sichik's innocence or guilt with respect to the alleged theft, and that the Arbitration Board had in fact permitted evidence to be adduced bearing on the "innocence or guilt" question.

In doing so, the Dissenting Opinion stated in part:

"After hearings were concluded, the Impartial Arbitrator, after time for study and consideration of all the evidence, prepared a proposed opinion and award, which he sought to have adopted unanimously and in which the Board of Arbitration would have directed that the Company reinstate John Sichik with full back pay. The Impartial Arbitrator concluded in that proposed opinion that there was insufficient evidence to convince him that the grievant, John Sichik, was guilty of the offense for which he was fired.

\* \* \*

"The Company in its brief, which it submitted after it had the record of the case before it, clearly agrees with the Union that the sole issue before the arbitrator is whether or not John Sichik was discharged for just cause.

. . .

\* \* \*

"It is unbelievable that the arbitrator would put a more restrictive interpretation on my letter than that put on it by the Company. On pages 13 and 15 of the transcript, Mr. Kleeb, the Company's attorney, conceded that he understood that the issue before the arbitrator was '. . . whether there was just cause for discharge.' Even in his brief, Mr. Kleeb defines the issue as follows: 'The sole issue in this case is whether the grievant, John Sichik, took property without paying for it from the store in which he was employed in violation of the Company policy.' Obviously, even the Company, through its attorney, desired the impartial arbitrator to decide this case on its merits i.e. to determine the guilt or innocence of John Sichik."

An action to set aside the Award was instituted by Union and Sichik in the Court below pursuant to the provisions of Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. The Amended Complaint alleged that the refusal of the Arbitration Board to decide the issue of Sichik's innocence or guilt "was arbitrary and capricious", and in violation of Articles XII and XIII[2] of the collective bargaining agreement which required the Board to decide the issue whether Sichik's discharge was without just cause.

After oral argument and consideration of briefs submitted by the parties, the District Court denied A&P's Motion for Summary Judgment, vacated the Arbitration Award, and remanded to the Arbitration Board for further consideration.[3]

In its Order doing so, the District Court stated:

"The Award of Arbitrators (Loucks and Stiffler) dated June 24, 1966, is hereby vacated and set aside and the case is remanded to the Board of Arbitration for further proceedings not inconsistent with the views expressed in the foregoing opinion."

In his Opinion, accompanying his Order, District Judge Fullam, stated in relevant part:

"The obvious issues then are whether the arbitrators exceeded the scope of their authority under the contract, and whether the decision of the arbitrators on the issue of the submission was so unreasonable as to amount to a denial of due process.

"The sole source of, and limitation upon, the arbitrators' authority is the collective bargaining agreement and the submission. Lee v. Olin Mathieson Chemical Corporation, 271 F. Supp. 635 (W.D. Va. 1967). The agreement to arbitrate vests the arbitrators with powers as broad as the

---

2. Revelant provisions of these Articles are set forth in Footnote 1.

3. Neither the Union nor Sichik filed a motion for summary judgment. However, we think the District Court was entitled to grant them the relief to which they would have been entitled had they filed such a motion because the material facts were not in dispute and the law entitled them to judgment.

agreement explicitly or implicitly provides. Boston and Maine Corp. v. Illinois Central Railroad Co., 274 F.Supp. 257 (S.D. N.Y. 1967). In determining whether the arbitrators exceeded their authority, the agreement must be broadly construed with all doubts resolved in favor of their authority. Western Iowa Pork Co. v. National Bro. Pack & Dairy Wkrs., 366 F.2d 275 (8th Cir. 1966); Shahmoon Ind. Inc. v. United Steelworkers of Amer., 263 F.Supp. 10 (D.N.J.1966).

"Although grievances need not be submitted to arbitration in language comparable to that used in formal court proceedings, American Bosch Arma Corp. v. International U. of E., R. & M. W., 243 F.Supp. 493 (N.D.Miss. 1965), where the submission does not specify any precise issue the authority of the arbitrator is unrestricted and he may pass upon any dispute presented to the arbitrators and arising under the agreement. Oinoussian Steamship Corp. of Panama v. Sabre Shipping Corp., 224 F.Supp. 807 (S.D. N.Y.1963).

"In the present case, it is my opinion that the arbitrators' decision as to the scope of the submission was in violation of the terms of the collective-bargaining agreement, and that the decision reached is so unreasonable as to amount to a lack of due process.

"The only issue which could be arbitrated, under the terms of the agreement, was 'just cause' or 'sufficient cause' for the discharge. For the arbitrators to conclude that this issue had been conceded in advance by the union necessarily meant that there was nothing for them to arbitrate. Such a conclusion goes far beyond the realm of defining the submission.

"Moreover, I find it rationally impossible to square the documentary evidence with the result reached; the alleged concession by the union simply cannot be deduced from the language of the written submission or the preceding notice.

"From the record as a whole, it would seem that the arbitrators have merely declined to arbitrate the issues submitted, because of difficulty in arriving at a decision on the merits. The award cannot be permitted to stand. The controversy will be referred back to the arbitrators for decision."

We are of the opinion that the record in the instant case fully sustains Judge Fullam's disposition.

In Union's request for arbitration sent to A&P and in its letter to the American Arbitration Association requesting arbitration, Union referred only to arbitration of "the discharge" or "the matter of the discharge". These letters of Union constituted the statement of the issue to be arbitrated, and not Nettleton's letter of May 27, 1965. That letter did not request arbitration, and was nothing more than an attempt to further negotiation with A&P.

■ It is settled that the merits of an arbitration award may not be reviewed by a court. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960). In the instant case the merits of the "just discharge" of Sichik, viz., his innocence or guilt, were not even considered by the Arbitration Board in its disputed Award, and its error in that respect is within the scope of judicial review of an arbitrator's award. Cf. Bieski v. Eastern Automobile Forwarding Company, Inc., 396 F.2d 32, 37–38, 40–41 (3 Cir. 1968).

■ Courts have deferred to arbitration as a practical and peaceable means of resolving labor disputes. But much of the value of arbitration in this regard will be destroyed if the arbitrators refuse to consider the merits of a grievance based upon a hypertechnical theory of "pleading"—one that seizes upon random correspondence of the parties as

190

rigidly stating their formal positions. Such a system of "pleading" by discouraging negotiation and discussion between the parties, would certainly not promote industrial peace—one of the primary aims of federal labor law. By directing that the arbitrators consider and decide the merits of all facets of the grievance in the instant case the District Court did not usurp the function of the arbitrators.

For the reasons stated, the Order of the District Court will be affirmed.

Wilfred Feinberg, Circuit Judge, dissented in part.