**INTERNATIONAL BROTHERHOOD OF PULP, SULPHITE AND PAPER MILL WORKERS, AFL–CIO, et al., Plaintiffs-Appellants,**

**v.**

**ALLIED PAPER INCORPORATED, SUBSIDIARY OF SCM CORPORATION, Defendant-Appellee.**

**No. 71–1642**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1971.

---

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

George C. Longshore, Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiffs-appellants.

Frederick A. Kullman, William F. Banta, New Orleans, La., James E. Fulford, Mobile, Ala., Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for defendant-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal arises from a suit under § 301 of the Labor-Management Relations Act, 29 U.S.C.A. § 185, to enforce the award of an arbitrator. The district court refused to enforce on the grounds that the arbitrator exceeded the terms of the agreement to arbitrate, and that the award was unresponsive to the issue submitted to arbitration. We reverse.

The employee was suspended for twenty days because of breaking a coupling pole on a truck. The agreement between the employer and the union provided that the arbitrator could grant relief if discrimination was found but that he could not modify disciplinary penalties.

The company contends that the arbitrator found no discrimination but simply modified the suspension through setting it aside. The union contends that the arbitrator found and acted on the basis of racial discrimination, i. e., that the suspension came only after the employee had filed a complaint with the Equal Employment Opportunity Commission.

It appears without dispute that the company waited some thirty days after the coupling pole incident before imposing the suspension and only after the employee had filed a claim with EEOC.

The award of the arbitrator is not a model of clarity but it does appear to us that he considered the severity of the penalty as a factor only in determining the issue of discrimination. In any event, the award closes with a clear finding of discrimination. This finding relates directly to the subject matter relegated to arbitration under the contract. The remedy was also within the contractual limits. Thus the arbitrator did not exceed his jurisdiction. Moreover, the award was responsive to the issue submitted. There the matter ends from the standpoint of court review. United Steelworkers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Minute Maid Company v. Citrus, Cannery, Food Processing and Allied Workers, Drivers, Warehousemen and Helpers, Local Union No. 444, 5 Cir. 1964, 331 F. 2d 280.

The award was due to be enforced.

Reversed and rendered.